In re David Charles IVEY, Debtor.

Jeffrey W. MORRIS, Trustee in Bankruptcy of David Charles Ivey, Plaintiff,

v.

Betty Jean Crocker IVEY and Citizens Bank, Defendants.

Bankruptcy No. 80–02659A.
Adv. No. 89–0635A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 6, 1981.

Jeffrey W. Morris, and David W. Cranshaw, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for plaintiff.

Sam S. Harben, Jr., Gainesville, Ga., for Betty Jean Crocker Ivey.

William A. Bagwell, Gainesville, Ga., for Citizens Bank.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On August 13, 1980, the above-referenced plaintiff filed a complaint to sell property free and clear of liens. On August 21, 1980, defendant Betty Jean Crocker Ivey (hereinafter "Betty Ivey") filed an answer. On September 4, 1980, defendant Citizens Bank filed an answer. On November 24, 1980, the plaintiff filed a motion for summary judgment. On December 15, 1980, Betty Ivey filed a response to the motion for summary judgment, and on December 23, 1980 the plaintiff filed a response to the response of Betty Ivey. The matter comes before this Court for decision on the motion for summary judgment and responses thereto.

### FINDINGS OF FACT

**1.**

On December 18, 1979, the Superior Court of Hall County, Georgia entered a Final Judgment and Decree of Divorce along with a Consent Decree providing for custody and support of the minor children of David Charles Ivey and Betty Ivey and a division of their marital property.

**2.**

The Consent Decree provided that Mr. Ivey pay to Betty Ivey a total of One Hundred ($100.00) Dollars each week for the support of the minor children plus all hospital doctor, dental and drug bills for the children until the children reach the age of eighteen or become self-supporting.

**3.**

The Decree also provides that:

"4.

Wife shall have possession and title to the home in which the parties lived located on Bill Wilson Road, Hall County, Georgia. In the event wife shall elect to sell said home at some date in the future, husband shall be entitled to one-half of the net equity from the sale of said home after paying the outstanding mortgages or indebtedness for which said property has been given as security and any expenses in connection with the sale."

. . . .

"6.

Husband shall pay the monthly payments on the outstanding mortgage on the home in which the parties lived during their marriage located on Bill Wilson Road and shall pay the ad valorem taxes on said home and shall keep in effect the insurance on said home until said home is sold as provided in this agreement."

. . . .

"7.

Each party waives any right or claim for alimony upon the other party."

4.

Charles Ivey has not transferred the title to the home on Bill Wilson Road to the name of Mrs. Ivey.

5.

The outstanding balance of the indebtedness secured by the house on Bill Wilson Road (hereinafter "the Property") calculated through August 25, 1980 is $9,511.60.

6.

Attorney's fees in the amount of 15% of the principal and interest of this indebtedness has been added to the secured claim of Citizens Bank in accordance with Georgia Code § 20–506.

7.

The value of the Property is disputed; Betty Ivey claims that it is worth no more than $30,000.00, while the plaintiff alleges that it is worth $45,000.00.

## CONCLUSIONS OF LAW

On August 4, 1980, David Ivey filed a petition for relief in the United States Bankruptcy Court. On that date, the debtor owned an undivided one-half interest in the equity in the Property pursuant to the Decree of the Superior Court of Hall County, Georgia. The plaintiff seeks to sell both the interest of the estate and the interest of the co-owner, Betty Ivey, in this property pursuant to 11 U.S.C. § 363(h). That provision provides that:

"(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. § 363(h).

The first condition which must be met in order for a trustee in bankruptcy to sell property of the estate in which a co-owner has an interest is that partition of the property between the co-owners is impracticable. This condition is satisfied in this instance since the property is a residence and the co-owners are divorced. There is no practicable manner in which this property can be partitioned other than by sale of the property and division of the proceeds.

The second condition of 11 U.S.C. § 363(h) is that the sale of the estate's undivided interest would realize significantly less for the estate than a sale of such property free from the interest of both co-owners. In this case, accepting the value placed upon the residence by Betty Ivey, the value of the property is $30,000.00 and the total secured indebtedness on the property is approximately $11,000.00. Without regard to the costs of sale, the bankruptcy estate would receive approximately $9,500.00 from the proposed sale. In contrast, the market value for only the estate's undivided one-half interest in this property would be substantially less since Betty Ivey currently resides on the property and, by virtue of her one-half ownership interest, could prevent any sale of the property indefinitely. Therefore, the Court finds that the second condition of § 363(h) is met in this case.

The third condition is that the benefit to the estate of the proposed sale must outweigh the detriment to any co-owner. The

benefit to the estate in this case is obvious since, even assuming the lowest alleged value for the property, the estate would receive a minimum of $4,100.00 above the amount of any exemptions to divide among creditors of the estate. Also, Betty Ivey would be entitled to purchase, the property at the proposed sale and, given the significant amount of equity in the property, new financing should be available for that purpose. Therefore, the Court finds that the benefit to the estate in the proposed sale far outweighs any detriment to the co-owner.

The fourth condition for sales pursuant to 11 U.S.C. § 363(h) is not material to this proceeding. Therefore, the Court finds for the plaintiff and grants summary judgment as requested.

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff shall sell the Property free and clear of all liens and ownership interests of the co-owners pursuant to 11 U.S.C. § 363(h) with all liens and ownership interests to attach to the proceeds of said sale.