In re Rafaela Sanchez BROWN, Debtor

Edward F. ZOLTANSKI, Trustee, et al., Plaintiffs,

v.

Vykki Lynn BROWN, et al., Defendants.

Bankruptcy No. 80–01253.
Adv. No. 81–0864.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 19, 1983.

Edward F. Zoltanski, Toledo, Ohio, trustee/plaintiff.

Marc J. Meister, Toledo, Ohio, for plaintiffs.

Lawrence B. LaRue, Attorney, Toledo, Ohio, for Defendant, Vykki Lynn Brown.

John L. Jacobson, Toledo, Ohio, for defendants, Rafaela & Robert Brown.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Plaintiffs' complaint to sell certain real property of the estate and the interest of a co-owner therein, in which the Debtor had an undivided interest as a tenant in common, pursuant to 11 U.S.C. § 363(h), and to determine the validity, extent and priority of any liens thereon. The Court finds that an entry of judgment that the property be sold is appropriate; there being no just reason for delay in entering judgment pending the Court's determination of the remaining issues. Rule 54(b) Fed.R.Civ.P.

## FINDINGS OF FACT

1. On August 4, 1980, Defendant Rafaela Sanchez Brown (Debtor) filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. Prior thereto, in 1966, Debtor and her spouse, Defendant Robert Brown, had obtained title to certain real estate located in the Township of Swancreek, Fulton County, Ohio, the subject of the present dispute.

2. On or about July 28, 1977, Debtor was involved in an automobile accident which resulted in the death of Plaintiff Harley Hall Sr.'s decedent, Nonie E. Hall.

3. On November 29, 1977 Debtor and her spouse conveyed by quit claim deed all right, title, and interest they held in the subject realty to their daughter, Defendant Vykki Lynn Brown. This deed was recorded on December 30, 1977 with the Fulton County Recorder's Office.

4. On January 31, 1979 Plaintiff, Harley Hall, Sr., Executor, filed suit against Debtor in Fulton County Common Pleas Court for the wrongful death of Nonie Hall. This litigation was resolved by Debtor's confession of judgment in the amount of $25,000.00 plus costs.

5. On February 25, 1980 Hall recorded a certificate of judgment lien in Fulton County, Ohio.

6. On September 29, 1981 Debtor obtained a discharge in bankruptcy.

7. On November 13, 1981 the Fulton County Common Pleas Court set aside and vacated the conveyance by Debtor to her daughter on November 27, 1977 as a fraudulent conveyance pursuant to §§ 1336.04 and 1336.06 Ohio Revised Code.

8. On June 10, 1982 the trustee filed the affidavit of Robert Stine, a licensed real estate broker, who inspected and appraised the subject property on June 5, 1982. Mr. Stine's statement, in relevant part, provided as follows:

Based upon my inspection of the aforementioned real estate, it is my opinion that the real estate has a fair market value of $64,900.00. Of that amount $23,000.00 is for the house dwelling; $8,000.00 is for the one acre building site; $30,400.00 is for 19 acres of pasture land; and $3,500.00 is for three and one-half acres wooded ground. In addition, there is one outside building and approximately one-half acre of waste ground which have no value.

The aforementioned real estate has approximately 90 feet frontage and is an extremely deep lot covering approximately 24 acres of land. Because the house dwelling is situated in the very front of the lot and there is no reasonable access to the deepest parts of the real estate except through the frontage, it is my opinion that partition in kind is impracticable amongst the bankrupt estate and the co-owner. Furthermore, sale of the bankrupt estate's undivided interest in the aforementioned real estate would realize significantly less for the bankrupt estate then the sale of said real estate free of the interest of the co-owner. Finally, it is my opinion that the benefit to the bankrupt estate of the sale of the aforementioned real estate free of the interest of the co-owner out weighs the detriment, if any, to such co-owner.

## DISCUSSION

The Defendants, Rafaela Sanchez Brown, Robert Brown, and Vykki Lynn Brown have taken the position that, notwithstanding the November 13, 1981 judgment of the state court setting aside the conveyance in question as fraudulent under §§ 1336.04 and 1336.06 R.C., the property in question is not property of the estate pursuant to 11 U.S.C. § 541 and not subject to administration by the trustee in bankruptcy. They cite *In re Oliver,* 16 Ohio Misc. 290, 45 Ohio Op.2d 352 for the proposition that the conveyance in question was "voidable" not "void". Thus, Defendants argue, since the setting aside of the conveyance on November 13, 1981 occurred after Debtor received her discharge on September 29, 1981, the property revested in Debtor free from the claim of the Trustee in Bankruptcy and any other prepetition creditors. In any event, Defendants continue, the property cannot be sold by the trustee since it was not property in which Debtor had an interest, pursuant to 11 U.S.C. § 363(h), "immediately before commencement of the case." Plaintiffs, on the other hand, deny that the Debtor's Discharge has any bearing on the trustee's right to administer what clearly is an asset of the Debtor's estate. The Court agrees.

The Trustee chose to join Plaintiff Hall in litigation commenced in state court in an action pursuant to the Ohio Revised Code to have the conveyance set aside as fraudulent. This power was derived from § 544(b) of the Code which provides, in part, that "[t]he trustee may avoid any transfer of an interest of the debtor in property . . . that is avoidable under applicable law." Pursuant to § 551 of the Code, "[a]ny transfer avoidable under section . . . 554 . . . of this title . . . is preserved for the benefit of the estate." Finally, pursuant to § 541(a)(4) of the Code, property of the estate includes any interest in property preserved for the benefit of the estate under § 551. Thus, contrary to Defendants' view, the recovered property is not after acquired property of the Debtor. 4 *Collier on Bankruptcy* ¶ 551.01 at 551–2 n. 5 (15th ed. 1983). *See generally,* 4 *Collier on Bankruptcy* ¶ 541.17 (15th ed. 1983). Pursuant to the express provisions of the Bankruptcy Code, then, the property in question is property of the estate.

In addition, the same result obtains whether the conveyance is held to be "void" or merely "voidable" although, as the following discussion reveals, the latter conclusion is the proper one:

Section 544(b) is derived from former Section 70e of the Bankruptcy Act. Like its predecessor, section 544(b) does not purport to *ipso facto* render void any transactions between the debtor and others; it creates merely a *power of avoidance,* that may be exercised as the trustee and the bankruptcy court sees fit. To adopt the language of District Judge Lowell in *In re Mullen,* [101 F. 413 (D.Mass. 1900)] describing the predecessor of section 544(b), it is a provision 'which states that the trustee may avoid certain transfers of the debtor as a creditor might avoid them, thus plainly implying that, against the trustee as against the creditor, the transferee's title is not void, but voidable—voidable at law as well as in equity, but still only voidable.' (footnotes omitted).

4 *Collier on Bankruptcy* ¶ 554.03 at 554–13 (15th ed. 1983). Under § 70a(4) of the Bankruptcy Act, the trustee was vested with the title of the bankrupt of all property transferred by him in fraud of his creditors, which included property recovered under § 70e. The same result, as noted above, occurs under the Bankruptcy Code. Whether "void" or "voidable", however, it is still property of the estate and still subject to administration by the trustee in bankruptcy.

As we have noted heretofore, the bankrupt's discharge has no effect upon the administration of his estate. Moreover, the discharge is personal to the bankrupt, and does not release his fraudulent grantees from liability to the trustee. Closing of the estate without the initiation of action to avoid a transfer does not settle the transferee's title either, since the estate may be reopened for the pur-

pose of enabling the trustee to proceed to recover fraudulently transferred property to be administered for the benefit of creditors. (footnotes omitted)

4B *Collier on Bankruptcy* ¶ 70.71 at 802–803 (14th ed. 1978).

■ Notwithstanding the finding that the property in question is property of the estate and subject to administration by the trustee, Defendants deny that the trustee has the power to sell both the estate's interest and the interest of any co-owner in the property under § 363(h). In particular, Defendants deny that the property is one in which the Debtor had an interest "immediately before the commencement of the case" pursuant to the first paragraph of § 363(h). Furthermore, Defendants deny that the other conditions precedent to sale of § 363(h)(1)–(3) are met.

Defendants argue that the legal effect of the avoidance of the conveyance was to restore the property to the Debtor only prospectively, at the time of the state court judgment, subsequent to the filing of the Debtor's petition under Chapter 7 of the Code. In effect, reasserting the "void" versus "voidable" argument, Defendants conclude that the property was not property in which the Debtor had an interest "immediately before commencement of the case." Similarly, as against the argument that the property was not property of the estate and subject to administration by the trustee, the Court rejects this argument as a limitation on the trustee's power to sell under § 363(h).

For purposes of sale under § 363(h), the requirement that the Debtor have an interest in the property "immediately before the commencement of the case" should not be construed to mean that the Debtor need be vested, in all cases, with legal title immediately before commencement of the case, as tenant in common, joint tenant, or tenant by the entirety. The legislative history of § 363(h) supports the conclusion that § 363(h) was meant to enhance not restrict the trustee's power to collect and reduce to money the property of the estate:

The bill also changes the rules with respect to marital interests in property. Interests in the nature of dower and curtesy will not prevent the property involved from becoming property of the estate, nor will it prevent sale of the property by the trustee. With respect to other co-ownership interest, such as tenancies by the entirety, join tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or a waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by requiring the trustee to pay over to the spouse the value of the spouse's interest in the property if the trustee sells the property to someone other than the spouse. Similar rules will govern certain sales of community property if both spouses are not proceeding under title 11. (footnotes omitted).

H.R.Rep. No. 595, 95th Cong., 1st Sess. at 177, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 5787, 6137.

A more plausible construction of the "immediately before commencement of the case" requirement is that it was meant to *define,* not restrict, the interest in property which becomes property of the estate subject to the trustee's power to sell. In *In re Ford,* 3 B.R. 559, 6 B.C.D. 202 (Bkrtcy.D. Md.1980), *aff'd Greenblatt v. Ford (In re Ford),* 638 F.2d 14 (4th Cir.1981), for instance, in concluding that property held by the Debtor as a tenant by entirety under Maryland law became property of the estate when only one spouse was in bankruptcy, the court analyzed the identical phrase appearing in § 522(b)(2)(B). This section provides that:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either ... (B) any interest in property in which the debtor had, *immediately before the commencement of the case,* an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. (emphasis added).

The trustee in *Ford* argued that the filing of the petition acted as an immediate severance of the estate by the entireties as a result of the debtor's interest passing to the estate. To this the court responded:

The legislative history consistently takes the position, ultimately enacted in § 541(a)(1), that it is the debtor's undivided interest in tenants by the entireties property which becomes the property of the estate. It is the debtor's undivided interest as it exists immediately prior to the filing of the petition that passes to the estate. There is no severance of the unities when the debtor's interest passes to the estate. The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition, until such time as that interest, still entact and unaltered, is exempted from the estate under § 522(b)(2)(B), provided such exemption is available and properly taken by the debtor.

Moreover, the trustee's construction completely ignores the express terms of § 522(b)(2)(B), which refer to the debtor's undivided interest in entireties property which the debtor held 'immediately before the commencement of the case.' Under the express terms of this provision the moment of significance is the instant immediately before the commencement of the case; it is the debtor's interest in entireties property at that time which becomes the property of the estate and which may be the subject of the exemption provided in § 522(b)(2)(B).

3 B.R. at 570–571, 6 B.C.D. at 207–208. Similarly, this Court concludes that the provision of § 363(h) permitting the trustee to sell "both the estate's interest ... and the interest of a co-owner in property in which the debtor had, immediately before commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety" was meant to clarify that the property which comes into the estate and is subject to the trustee's powers of sale is the property interest intact which passed from the debtor to the trustee. In the present case, it is this intact interest of the Debtor as a tenant in common which was recovered by the trustee and became property of the estate which, if the conditions of § 363(h)(1)–(4) are met, is subject to being sold. Section 363(h), then, does not restrict the trustee's powers of sale to property with which the debtor was vested with legal title "immediately before the commencement of the case."

As a final matter, the Court concludes that the conditions of § 363(h)(1)–(4) are met, thereby entitling the trustee to an order of sale. Under § 363(h)(1) partition in kind of the property is impracticable since the property involves a residence and there is no practicable manner the property can be partitioned other than by sale of the property and division of the proceeds. *See Morris v. Ivey (In re Ivey),* 10 B.R. 230, 7 B.C.D. 562 (Bkrtcy.N.D.Ga.1981). Also, the uncontradicted evidence in this case establishes that the sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of the property free of the interest of the co-owner. Section 363(h)(2). The benefit to the estate, a substantial recovery for the unsecured creditors, outweighs the detriment to the co-owner under § 363(h)(3) since, among other things, the co-tenant has the right of first refusal at the sale under § 363(i). Finally, § 363(h)(4) is not relevant to this case. It is therefore,

ORDERED that the Trustee be granted the right to sell the real property described in the complaint filed November 25, 1981. It is further,

ORDERED that the property of the estate and the interest of the co-owner be sold free and clear of all liens and the respective interests therein shall attach to the proceeds of sale.