**In re Eldren M. TYLER, Debtor.**

**Eldren M. TYLER, Plaintiff,**

**v.**

**Joan TYLER, Defendant.**

**Bankruptcy No. 83 B 3021.**
**Adv. No. 83 A 2628.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 30, 1984.

John R. O'Brien, Chicago, Ill., for debtor/plaintiff.

Elaine C. Steed Andrews, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the complaint to determine dischargeability of a child support order filed by ELDREN M. TYLER, [Debtor] represented by JOHN R. O'BRIEN, against JOAN TYLER, divorced wife of the Debtor, represented by ELAINE C. STEED ANDREWS; the Court having heard testimony of witnesses and reviewed the evidence and memoranda submitted by the parties, and the Court being fully advised in the premises,

The Court Finds:

1. The Debtor and JOAN TYLER were married on February 29, 1959, and three children were born to the parties: LAMARR and LAMONT, twins, now 24 years old, ELDREN, now 23 years old; and a daughter, ADRIENNE, now 16 years old, who was adopted by the Debtor and his wife, JOAN.

2. On October 31, 1974, the Debtor and JOAN TYLER were divorced. JOAN TYLER was awarded custody of the four children and the Debtor was ordered to pay $150.00 per week as child support by the following order in the divorce decree entered by the Circuit Court of Cook County:

B. That the Plaintiff, JOAN TYLER, be and she is awarded the care, custody and control of the four (4) minor children, namely: LAMARR, age 14 years; LAMONT, age 14 years and ELDREN, age 13 years and one child adopted, namely: ADRIENE, age 7 years.

C. That there is a finding of an arrearage in child support in the amount of $1,000.00 as of July 18, 1974, and the Defendant, ELDREN M. TYLER, shall pay the amount of $135.00 a week plus $15.00 a week on the arrearage until it is paid and then the order will revert to $150.00 a week for child support.

3. On December 10, 1979, a judgment was entered against the Debtor by the Circuit Court of Cook County in the amount of $14,408.88 for arrearages in child support. On December 12, 1980, a second judgment was entered by the Circuit Court of Cook County against the Debtor in the amount of $6,850.00 again for arrearages in child support. Pursuant to these duly recorded judgments, wage garnishment proceedings were commenced against the Debtor and his employer, Metropolitan Life Insurance Company.

4. On March 4, 1983, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code and listed the debt to JOAN TYLER on Schedule A-2 of the petition, as follows:

| 12. | Joan Tyler<br>8726 S. Calumet<br>Chicago, IL 60619 | $7,527.60 | Child<br>Support<br>Arrearages |
| --- | --- | --- | --- |

5. On October 3, 1983, JOAN TYLER filed a motion to reinstitute garnishment proceedings against the Debtor to collect arrearages in child support pursuant to the above-mentioned judgments of the Circuit Court of Cook County. Garnishment proceedings had been automatically stayed

upon the commencement of the Debtor's bankruptcy proceeding.

6. On October 14, 1983, the Debtor filed a complaint to determine the dischargeability of the debt for child support arrearages alleging, among other things, that the couple's only minor child had resided exclusively with the Debtor since October, 1980 and that the debt should be discharged.

The Court Concludes and Further Finds:

1. Section 523(a)(5) excepts from discharge debts, as follows:

§ 523 Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, ·maintenance, or support;

The divorce decree ordered Debtor to pay child support of $150.00 per week, and the Debtor does not dispute this fact. JOAN TYLER has obtained two judgments for arrearages in the payment of this child support.

In Cowan's *Bankruptcy Law and Practice,* 1983 Interim Ed. page 440, the author, former Bankruptcy Judge Cowan, writes, "Few people will argue seriously that a person should support his or her children ... The Bankruptcy Code is in accord ... If a decree orders the payment, the debt is not dischargeable." *"If support payments under a decree were not made they are still nondischargeable and collectible by the wife after the children have reached adulthood."* [emphasis added] *Hylek v.*

*Hylek,* 53 F.Supp. 657 (N.D.Ind.1944) affirmed 7th Circuit 148 F.2d 300.

In *Sheffield v. Sheffield,* 27 B.R. 504 (Bkrtcy.N.D.Ga.1983) the facts were similar to the instant case and the sole question was whether a child support arrearage ($7,000.00 obtained by garnishment of the husband's wages) would be discharged under the Bankruptcy Code. The Court stated:

"Upon finding that a debt is in fact support, alimony, or maintenance, however, the bankruptcy court is not free to discharge the debt. Section 523(a)(5) states clearly that such debts are not to be discharged. Consequently, upon finding the debt to be maintenance, support, or alimony in fact, the bankruptcy court below should have excepted that portion of the debt from discharge."

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Complaint to determine the dischargeability of debt for child support arrearages filed by ELDREN M. TYLER against JOAN TYLER be, and the same is hereby, denied and the debt for child support arrearages is not discharged.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the stay is hereby lifted and JOAN TYLER may reinstitute garnishment proceedings.