**In re Owen Carl BELL, Marla Sue Bell, Debtors/Appellees.**

**Margaret L. BEHM, Trustee, Plaintiff/Appellee,**

**v.**

**Christopher Scott BELL, Defendant/Appellant.**

**Civ. A. No. 3:87–0327.
Bankruptcy Nos. 3:84–1433, 3:86–0042.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 19, 1987.

C. Kinian Cosner, Jr., and Margaret Behm, Shipley & Behm, Nashville, Tenn., for appellees.

William Caldwell Hancock, Nashville, Tenn., for defendant/appellant.

## MEMORANDA OPINIONS AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

This is an appeal from a holding by a bankruptcy Court of this District that the trustee in bankruptcy could properly invoke the powers of 11 U.S.C. § 363(h) to sell the interest of a cotenant, as well as the interest of the bankruptcy estate in 56 acres of real estate and the residence situated thereon. The cotenant/appellant Mr. Christopher Scott Bell prays that this Court reverse and remand this action for proceedings under the Tennessee partition statute.

The appellant's parents filed for bankruptcy under Chapter 7 of the Bankruptcy Code in May, 1984. By order of January 7, 1986, the Bankruptcy Court set-aside as fraudulent the conveyance of the subject property to a third party; the bankruptcy estate, thus, recovered ownership of an undivided one-half interest in such property. The aforenamed Mr. Bell owns the other undivided one-half interest in the property as a tenant in common with the estate.

On February 3, 1986 the trustee in bankruptcy filed a complaint, seeking the partition or sale of such property. A hearing of the matter was conducted, and, on March 6, 1987, the Bankruptcy Court entered an order, holding that the trustee in bankruptcy could sell properly "both the estate's interest and the interest of * * * Christopher Bell," in the subject property.

■ The appellant argues herein that the trial Court erred in holding that the trustee in bankruptcy could sell the subject property because her interest is not one which the debtors had "immediately prior to the commencement of the case" as required by 11 U.S.C. § 363(h), *supra.* It is true that the debtors did not have possession of the subject property immediately prior to the commencement of their case; however, they lacked such possession only because they conveyed fraudulently such property to a third party.

"For purposes of sale under [11 U.S.C.] § 363(h), [*supra* ], the requirement that the Debtor have an interest in the property 'immediately before the commencement of the case' should not be construed to mean that the Debtor need be vested, in all cases, with legal title immediately before commencement of the case, as tenant in common, joint tenant or tenant by the entirety. * * * A more plausible construction of the 'immediately before commencement of the case' requirement is that it was meant to *define*, not restrict, the interest in property which became property of the estate subject to the trustee's power to sell." *In re Brown,* 33 B.R. 219, 222 (Bank.N.D.Ohio 1983.) Thus, if the other conditions of 11 U.S.C. § 363(h), *supra*, are met, the trustee in this action is entitled rightfully to sell the property in question. *Id.,* at 223.

Pursuant to the cited section, *supra*, a trustee may sell a coowner's interest in property along with the estate's interest only if:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The appellant contends that the third criterion, *supra*, was not met and that, therefore, the Bankruptcy Court erred in authorizing the sale of the property. He claims that the trustee in bankruptcy, failed to establish a quantifiable benefit to the estate from sale at auction of both interests because "the proposed sale will yield no dollars for the administrative, priority unsecured, or general unsecured creditors of the estate, but will inure solely to the benefit of secured lienholders."

The Bankruptcy Court found in its "best view of the facts * * * that there[ ] [would] definitely [be] payment of administrative expenses, payment of [secured] liens that were contested in this bankruptcy case and [that] there might be money for the payment of a priority claim of the Internal Revenue Service" from the proceeds of the sale of the subject property. That factual finding is supported by the record, thus, not clearly erroneous and must be accepted by this Court. Rule 8013, Bankruptcy Rules.

■ Thus, contrary to the claim of the appellant, secured creditors would not be the sole benefactors from the proposed sale. Furthermore, the Court disagrees with the appellant's contention, that the concept of benefit to the estate as contained in 11 U.S.C. § 363(h)(3), *supra,* includes only benefit to the unsecured claimholders; he cites no authority in support of such proposition, nor does this Court find any such authority.

The Bankruptcy Court held that "the concept of benefit to the estate includes benefit to administrative claimholders, secured claimholders, priority claimholders, as well as the general unsecureds." The Court reasoned that, because secured lienholders, by way of 11 U.S.C. § 363(f) can effectively block a § 363(h) sale of a particular piece of property in which they have a security interest should they so desire, it is senseless to hold that satisfaction of their claims, through the sale of such property, would not benefit the estate. This Court holds that the payment of administrative expenses and secured and priority liens, which would result from the proposed sale, constitutes benefit to the estate.

The appellant claims also that the Bankruptcy Court failed to analyze the detriment he would incur from the sale of his interest in his residence, and that such failure resulted because the trustee offered no proof on such issue. A review of the record reveals that such Court did indeed consider the detriment to the appellant; it found as follows:

Now, the benefits and detriment I'm supposed to measure include both the economic and emotional detriment which the co-owner would face.

I don't know what the emotional detriment would be to the nine-year-old boy. I would have to speculate on that issue.

I think it's a reasonable inference that there is some benefit to the nine-year-old child to continue to live in the house that, according to the testimony, he has been living in for some time[.] * * * [T]here is some benefit to that, and I find that there is some benefit and that I have considered it.

As to the economic detriment to the appellant, the Court found:

I'm being asked to hold that there is great financial detriment to the nine-year-old son if I require the property to be sold altogether.

I cannot make that finding. There is no testimony here that there is great detriment of a financial or economic form to the son.

The appellant contends, on the other hand, that the trustee in bankruptcy "must prove the financial and emotional detriment which the child will suffer" and that such trustee "offered no proof on the point." Such trustee presented proof as to the appellant's economic status which went toward establishing a lack of such detriment.

It was incumbent upon the appellant to present contrary evidence for the Bankruptcy Court to consider. This Court concludes such contention is devoid of merit.

The appellant claims additionally that the benefit to the estate, from the forced sale of his home, does not outweigh the detriment he will incur; that there will be benefit to the estate from the proposed sale has been previously discussed. As to the detriment to the appellant from such sale, it was found factually by the Bankruptcy Court that:

The son is entitled to one-half of the proceeds after payment of expenses. And that's the equivalent of his economic interest. And he has substantial other economic interests, including his stock ownership in the clinic that his father runs [and] works for, [and which has an

accounts receivable of $100,000], and in [an] equipment corporation that owns close to $100,000 worth of things.

As the cases say, one of the factors that bears on this is whether there will be some hardship in being displaced, but this co-owner has the keys to the kingdom. The co-owner is in a position to bid in [sic] this property.

The co-owner owns, and I so find, a one-half unincumbered [sic] interest in the other half. So, the co-owner starts with an asset that has to be worth half of the proceeds that's unencumbered.

These findings also are supported by the record, thus, not clearly erroneous and must be accepted by this Court. Rule 8013, Bankruptcy Rules, *supra*. Given that the appellant will receive one-half of the proceeds from the sale, and is in the position to purchase the subject property, such benefit outweighs the detriment to the appellant. *In re Addario*, 53 B.R. 335, 338 [4] (Bank.D.Mass.1985).

The appellant contends also that the Bankruptcy Court erred in finding partition impracticable without referring to the Tennessee partition statute. The Bankruptcy Court found correctly that this action had been tried and was decided properly under 11 U.S.C. § 363(h), *supra*. Employing that statute, that Court found that partition was impracticable because "[e]very piece of evidence about this property is that it is awkwardly situated, that the property has ingress and egress problems and that there are location issues about where things might be done on this property. And there is a residence that constitutes more than half of the value. And the cases say that you can't divide a residence. And dividing this up in any other manner is not, in this Court's opinion, practicable."

█ Under the law of Tennessee, a person who is entitled to a partition of the premises is entitled also to have such premises instead sold for division, if such premises are so situated that partition cannot be made and the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold, instead of partitioned. It appears to this Court that, by establishing the elements of 11 U.S.C. § 363(h), *supra*, the trustee in bankruptcy met also the requirements for sale rather than partition of the property under Tennessee law. If, however, the Tennessee partition statute somehow conflicts with 11 U.S.C. § 363(h), *supra*, then the Supremacy Clause dictates that the former must yield to the latter. Constitution, article VI.

The judgment of the Bankruptcy Court hereby is

AFFIRMED.