In re Richard J. OSWALD, aka Richard James John Oswald, aka Richard James Oswald, aka Rich Oswald, Debtor.

James J. HARKINS, Trustee for Richard J. Oswald, etc., Plaintiff,

v.

Richard J. OSWALD, Debtor, Sylvia Oswald and Fed One, F.A., Defendants.

Bankruptcy No. 87–00162–W.
Adv. No. 87–0079.

United States Bankruptcy Court, N.D. West Virginia, Wheeling Division.

Aug. 11, 1988.

James J. Harkins, Wheeling, W.Va., for plaintiff.

Gary Sacco, Pamela Jean Games–Clark, Wheeling, W.Va., for defendants.

## MEMORANDUM OPINION

L. EDWARD FRIEND, II,
Bankruptcy Judge.

### INTRODUCTION

This is a proceeding brought by the trustee in bankruptcy of Richard J. Oswald against the debtor, the debtor's wife, Sylvia Oswald, and Fed One, F.A., holder of the first deed of trust, to ascertain the right of the trustee to sell the interest of both the debtor and the debtor's wife in real estate located at 115 Queen Avenue, Park Place, Wheeling, West Virginia. The trustee seeks permission to sell the jointly owned real estate pursuant to § 363(h) of the Bankruptcy Code and retain on behalf of the debtor's estate one-half of the net proceeds. The trustee will turn over the remaining one-half of the net proceeds to the debtor's wife.

On the 5th day of November, 1987, the attorneys for the respective parties filed a stipulation of facts in this case, which provides the following:

220

1) Richard J. Oswald, debtor, filed a voluntary Chapter 7 petition in bankruptcy on March 16, 1987.

2) The Plaintiff, James J. Harkins, trustee for Richard J. Oswald, is the duly qualified and acting trustee of the debtor's estate.

3) On July 6, 1987, the Plaintiff commenced this adversary proceeding to sell real estate pursuant to § 363(h) of the Bankruptcy Code.

4) The real estate at issue is located at 115 Queen Avenue, Park Place, Wheeling, West Virginia, and is jointly owned by the debtor and the debtor's wife, Sylvia Oswald, with each owning a one-half undivided interest in the real estate with survivorship.

5) The fair market value of the real estate is Fifty Eight Thousand Seven Hundred Dollars ($58,700.00).

6) Fed One, F.A. holds a duly recorded and perfected first deed of trust lien against the real estate upon which is owed the sum of Nine Thousand Nine Hundred Eighty One Dollars and 84/100 ($9,981.84) plus interest from August 13, 1987.

7) The real estate is not used in the production, transmission or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power.

8) Partition in kind of the real estate is impracticable and a sale of the debtor's one-half undivided interest would realize significantly less for the estate than sale of the real estate free of the interests of the co-owner, Sylvia Oswald.

On the 16th day of June, 1988, a hearing was held on the Plaintiff's motion for summary judgment in this matter, at which time this Court denied the Plaintiff's motion for summary judgment and proceeded to hear evidence and oral arguments of counsel. Counsel for the Defendant, Sylvia Oswald, introduced evidence to establish additional facts in the case as follows:

1) The debtor's wife resides in the house located at 115 Queen Avenue, Park Place, Wheeling, West Virginia, with one infant child who was seven years old at the commencement of this action and one mentally and emotionally disadvantaged child who was nineteen years old at the commencement of this action.

2) The debtor's wife is employed as a waitress on a part-time basis and has been so employed for approximately seventeen years.

3) Many of the debts listed on Schedule A-3 of the debtor's bankruptcy petition are joint debts of the debtor and the debtor's wife.

4) A divorce proceeding has been started by the debtor's wife and pending the final divorce, the debtor's wife has possession of the house.

5) The debtor's wife has not filed bankruptcy.

## DISCUSSION

This proceeding is brought pursuant to § 363(h) of the Bankruptcy Code which permits the trustee to sell the estate's interest in jointly owned property as well as the co-owner's interest in the jointly owned property if four conditions are satisfied as follows:

"(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power."

Prior to considering the application of § 363(h) to the facts in this case, it is necessary to consider §§ 541 and 522 of the Bankruptcy Code to ascertain what the es-

tate's interest is in the jointly owned property.

## PROPERTY OF THE ESTATE—§ 541

■ Generally, § 541(a)(1) provides that the debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case". The definition of legal or equitable interests is determined by state law. The United States Supreme Court in *United States v. Butner*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), held:

> "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such results should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."

*Id.* at 57, 99 S.Ct. at 919. Thus, West Virginia law on joint tenancies is controlling in determining what the debtor's interest and, therefore, the estate's interest is in the jointly owned property. Under West Virginia law, the debtor in the case at hand owns a one-half undivided interest in the jointly owned real estate and pursuant to § 541 of the Bankruptcy Code, this one-half undivided interest became property of the debtor's estate when the debtor filed his petition in bankruptcy. *In re Ford*, 3 B.R. 559 (Bkrtcy.D.Md.1980), aff'd *sub nom Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981); *Chippenham Hosp. v. Bondurant*, 716 F.2d 1057 (4th Cir.1983); *In re Sumy*, 777 F.2d 921 (4th Cir.1985). However, the debtor may be entitled to exempt his one-half undivided interest in the jointly owned property from property of the estate under § 522(b)(2)(B) of the Bankruptcy Code if the debtor's interest is exempt from process under West Virginia law.

## IS DEBTOR'S INTEREST EXEMPT FROM PROCESS UNDER STATE LAWS?—§ 522(b)(2)(B)

Bankruptcy Code § 522(b)(1) provides:

(b) Notwithstanding section 541 of this title [11 U.S.C. § 541], an individual may exempt from property of the estate the property listed in either paragraph (1) or in the alternative paragraph (2) of this subsection ...

(1) property that is specified under subsection (d) of this section unless the state law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition ... *and*

(B) any interest in property in which the debtor had immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

West Virginia has abolished the tenancy by the entirety estate, but does provide for joint tenants with the right of survivorship. W.Va.Code § 36–1–19. However, the absolute right of a joint tenant to partition has been curtailed by judicial decisions.

The partition statute of West Virginia is Chapter 37, Article 4, Sections 1–8. Section 1 *"Who entitled to partition; jurisdiction; State as party plaintiff"* provides that tenants in common, joint tenants, and coparceners of real property shall be compelled to make partition. W.Va.Code § 37–4–3 provides that where partition cannot be conveniently made, a judicial sale may be made, but only if

(1) the interest of one or more who are entitled to the real estate will be promoted by a sale of the entire parcel, and

(2) the interest of the other person or persons so entitled will not be prejudiced thereby.

W.Va.Code § 38–3–9 allows a sale by a judgment creditor of the interests of one joint tenant. The purchaser at such sale would be a co-tenant with the remaining co-tenants. The purchaser at the sale could then request the court for partition, or these remedies may be filed and heard at the same time.

The case of *Harris v. Crowder*, 322 S.E. 2d 854 (W.Va.1984) involved a creditor of the husband attempting to satisfy his judgment out of property jointly held by the debtor and his wife. The issue presented by the court was: "Can a judgment lien creditor maintain a creditor's action to sell jointly-owned property where his judgment is against only one of the joint property owners?"

The court's answer—neither a simple yes or no. Each case must be processed and evaluated by the court's directions. In *Harris*, the court stated:

> When a creditor seeks to sell a family's home to satisfy the debts of one spouse alone, a whole new dimension is given to the equitable provision in our partition statute that excludes partition when prejudice occurs to another tenant.

*Id.* at 860, 861.

> The proper answer is that a creditor may reach the interest of one joint tenant, but the court must carefully consider the issue of prejudice to the non-debtor spouse.

*Id.* at 862.

In *Vincent v. Gustke*, 336 S.E.2d 33 (W.Va.1985), the court divided the remedy into two considerations. (1) The creditor could force a sale of the debtor/co-tenant's interest pursuant to W.Va.Code § 38–3–9. Without more, the purchaser would take the residence subject to the non-debtor's right to live there. (2) When the creditor attempts to collect by partitioning the property, the court must then consider whether the partition will prejudice the non-debtor's rights in the premises.

Although West Virginia does not have an estate of tenancy by the entirety, the result of the West Virginia Supreme Court holding adds some characteristics of tenancy of the entirety to the statutory joint tenancy. The West Virginia Supreme Court compared the difference and observed as follows:

> "... Indeed, it would appear that in all the states that still recognize tenancies by the entireties, those tenancies are distinguished from joint tenancies by only one palpable characteristic; the right of survivorship either cannot be destroyed involuntarily by a creditor, or can be destroyed only with great difficulty. In other words, the archaic fiction of a tenancy by the entireties is preserved only because it makes it almost impossible for creditors to reach a debtor's family house. This is not, however, to say that creditors do not try with some regularity to do so, and occasionally with some success."

*Harris*, 322 S.E.2d at 858–859.

The court's final holding in *Harris* was as follows:

> "Accordingly, we are unable to answer the certified question presented to us by a simple 'yes' or 'no'. The proper answer is indeed 'maybe'. The circuit court was correct in holding that the interest of one joint tenant may be reached by creditors and the property partitioned either in kind or by sale. But the circuit judge did not qualify his ruling by pointing out that when creditors seek to subject a jointly owned family house to the satisfactions of outstanding judgments, the court must look carefully to the issue of prejudice to the non-debtor spouse. Therefore, we remand this case for inquiry into the question of prejudice under W.Va.Code 37–4–3."

*Id.* at 862.

## JOINT v. INDIVIDUAL DEBTS

■ It further appears that the law makes a distinction on the basis of whether or not the creditor's claim is against both owners jointly or against only one of the owners. An examination of the case law in the entireties states are uniformly of this distinction.

Maryland and Virginia are two states within the Fourth Circuit that have tenancies by the entireties. Several cases have been decided concerning the creditors and the debtors holding property as tenants by the entirety. *In re Ford*, 3 B.R. 559 (Bkrtcy.Md.1980); *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981); *Ragsdale v. Genesco, Inc.*, 674 F.2d 277 (4th Cir.1982); *Chippenham Hosp., Inc. v. Bondurant*, 716 F.2d 1057 (4th Cir.1983); *In re Panholzer*,

36 B.R. 647, 11 B.C.D. 447 (Bkrtcy.Md. 1984); *In re Tyler*, 38 B.R. 265 (Bkrtcy.Md. 1984); *In re Sumy*, 777 F.2d 921 (4th Cir. 1985).

The latest case, *Sumy*, held that entireties property, owned by the debtor and his wife may not be exempted as to creditors who have claims against both husband and wife. *Sumy*, 777 F.2d at 932. However, under § 522(b)(2)(B), the property is exempt from individual creditors. In *Sumy*, the court determined that under Maryland law, the creditors of one spouse may not reach the entireties property for satisfaction of their claims. *Id.* at 924–925.

In *Ragsdale v. Genesco*, 674 F.2d 277 (4th Cir.1982), the creditors had obtained a judgment against both the husband and wife (Ragsdales) and had recorded the lien. One month later, the Ragsdales filed a petition in bankruptcy and claimed the equity in the home as their exemption. The court held that since the creditor had a judgment against both debtors, the creditor could execute against real property owned by the debtors as tenants by the entirety. Furthermore, § 522(b)(2)(B) only allows qualified property to be exempted. If the real estate can be reached to satisfy a state court judgment in that state, it could be exempted. Under § 522(b)(2)(B), an inquiry must be made of the state law to determine whether or not the interest is exempt from process. The factual questions are twofold:

1) Is this a joint debt?
2) If not, does the proposed sale prejudice Sylvia Oswald, the co-owner?

## DOES THE PROPOSED SALE PREJUDICE SYLVIA OSWALD?

■ In the case at hand, a *pro forma* analysis of the sale of the jointly owned property located at 115 Queen Avenue, Park Place, Wheeling, West Virginia, indicates that Sylvia Oswald, the co-owner, will not be prejudiced by the sale as required by W.Va. Code § 37-4-3.

Currently, Sylvia Oswald is employed on a part-time basis, depends on support and alimony from the debtor, and resides at the jointly owned property which is encumbered by a deed of trust of approximately Ten Thousand Dollars ($10,000). Should the jointly owned property be sold at its fair market value of approximately Fifty Eight Thousand Seven Hundred Dollars ($58,700), Sylvia Oswald will receive approximately Twenty Thousand Dollars ($20,000) after payment of the deed of trust and expenses of the sale of approximately Ten Thousand Dollars ($10,000) and Eight Thousand Seven Hundred Dollars ($8,700) respectively. Thus, subsequent to the sale, Sylvia Oswald would still be employed on a part-time basis, still be dependent on support and alimony from the debtor, and have at least Twenty Thousand Dollars ($20,000) towards the purchase of a new home. Thus, Sylvia Oswald could purchase another home for Thirty Thousand Dollars ($30,000) and only have a mortgage of approximately Ten Thousand Dollars ($10,000), the same mortgage that exists on the home in which she currently resides.

It is not disputed that Sylvia Oswald will be inconvenienced by having to relocate. However, the aforesaid facts lead this Court to find that Sylvia Oswald will not be prejudiced by the sale of jointly owned property at or near its fair market value. Therefore, this Court finds that a creditor of the debtor in the case at hand could force sale of the jointly owned property pursuant to W.Va.Code § 37-4-3. Accordingly, the jointly owned property is not exempt from process under West Virginia law and thus, the debtor is not entitled to exempt his interest in the jointly owned property pursuant to § 522(b)(2)(B) of the Bankruptcy Code, and whether or not the trustee can sell the interest of both the debtor and the co-owner, Sylvia Oswald, depends solely upon the satisfaction of the four conditions of § 363(h) of the Bankruptcy Code.

Although the debtor may not claim the jointly owned property exempt under § 522(b)(2)(B), the debtor may claim an exemption of his interest in the jointly owned property up to Seven Thousand Five Hundred Dollars ($7,500) under W.Va.Code § 38-10-4(a).

## DOES THE PROPOSED SALE MEET THE CRITERIA OF § 363(h)?

In the instant case, if the debtor claims an exemption of his interest in the jointly owned property pursuant to W.Va. Code § 38–10–4, the debtor would be entitled to a maximum exemption of Seven Thousand Five Hundred Dollars ($7,500.00). The estate's interest in the jointly owned real estate would be decreased by the amount of the exemption claimed by the debtor. Whether or not the trustee could sell the estate's interest and the debtor's wife's interest in the jointly owned property under § 363(h) of the Bankruptcy Code would depend solely upon satisfaction of the four conditions of § 363(h). Three of the four conditions of § 363(h) have been stipulated to by the parties as follows:

1) partition in kind of the jointly owned property among the estate and the debtor's wife is impracticable;

2) sale of the debtor's one-half undivided interest would realize significantly less for the estate than sale of the real estate free of the interests of the debtor's wife, Sylvia Oswald; and

3) the real estate is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power.

The remaining condition that must be satisfied before the Court will permit a sale of the jointly owned property pursuant to § 363(h) is as follows:

"the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners."

11 U.S.C. § 363(h)(3). In determining whether the benefit to the estate outweighs the detriment to the co-owner, the debtor's wife in the case at hand, the Court must consider economic and emotional detriment which the debtor's wife would face. *In re Addario*, 53 B.R. 335 (Bkrtcy.D. Mass.1985); *In re Persky*, 78 B.R. 657 (Bkrtcy.E.D.N.Y.1987); *In re Bell*, 80 B.R. 104 (D.Ct.M.D.Tenn.1987). "Detriment" was defined by the *Persky* court to mean "not only economic hardship, but also any loss, harm, injury, or prejudice proximately following from an involuntary displacement". *Persky*, 78 B.R. at 665.

The issue as to whether or not a trustee should be permitted to sell the debtor's interest and the debtor's wife's (co-owner's) interest in the jointly owned property (the residence of the wife and children), has not previously been before this Court. However, many other bankruptcy courts have handed down decisions on § 363(h) and in particular, have addressed the benefit/detriment balancing test of § 363(h)(3). In *Addario*, the court found that although the co-owner would sustain some hardship in being displaced from his home, the co-owner would receive a lump sum payment of approximately Eighteen Thousand Dollars ($18,000.00) and would be able to purchase the property at the proposed sale price. *Addario*, 53 B.R. at 338. The court also considered the fact that the co-owner indicated he would live with his daughter's family in holding that the benefit to the estate from the proposed sale outweighed any detriment to the co-owner. *Id.*

In *In re Ivey*, 10 B.R. 230, 233 (Bkrtcy.N. D.Ga.1981), the court held that the benefit to the estate of $4,100 outweighed the detriment to the co-owner, ex-wife, where the co-owner had the right to purchase the property at the proposed sales price and there was a significant amount of equity in the property that should enable the co-owner to secure new financing to purchase the property. *Id.* at 233.

In *Bell*, the benefit to the estate was found to outweigh the detriment to the co-owner, a nine-year-old boy who had been living in the house for some time, where the co-owner would receive one-half of the proceeds from the sale and the co-owner had the ability to purchase the property. *Bell*, 107. However, in holding that the benefit to the estate of a sale was outweighed by the detriment to a family forced to move from its long-term home, the court in *Persky* asserted that a "nondebtors' spouse's right to a portion of the sales price will rarely be sufficient to pur-

chase comparable quarters for her and her family." *Persky*, 78 B.R. at 665.

In a case where the trustee would receive no money due to the existing liens and encumbrances on the jointly owned property, the Bankruptcy Judge in *Matter of Ray*, 73 B.R. 544 (Bkrtcy.M.D.Ga.1987), found that the minimal result in the estate was outweighed by the resulting detriment to the non-debtor co-owner.

A review of the legislative history of § 363(h), in light of the aforesaid cases, leads this Court to agree with the court in *In re Brown*, 33 B.R. 219 (Bkrtcy.N.D.Ohio 1983), wherein the court stated:

> "the legislative history of Sec. 363(h) supports the conclusion that Sec. 363(h) was meant to enhance not restrict the trustee's power to collect and reduce to money the property of the estate."

*Id.* at 222.

Applying the benefit/detriment balancing test of § 363(h)(3) to the facts in the case at hand, indicates that a sale of the jointly owned property where the debtor claims the maximum exemption under W.Va.Code § 38–10–4(a) would benefit the debtor's estate to the extent of approximately Twelve Thousand Five Hundred Dollars ($12,500.00) as follows:

| | |
|---|---|
| Fair Market Value of Property | $58,700 |
| Deed of Trust | (10,000) |
| Expenses of Sale per § 363(j) | ( 8,700) |
| | 40,000 |
| Co-owner's (wife's) ½ Interest | (20,000) |
| Debtor's Exemption | ( 7,500) |
| Benefit to debtor's estate | $12,500 |

In examining the effect of the sale on Sylvia Oswald, the debtor's wife, it is not disputed that she will experience some hardship in relocating. However, as previously stated, Sylvia Oswald will not be prejudiced by the sale of the jointly owned property under West Virginia law. Although the applicable test under § 363(h) of the Bankruptcy Code is benefit to the estate outweighs detriment to the co-owner, this Court finds that this test is similar to the test under W.Va.Code § 37–4–3—will the co-owner be prejudiced? Also, pursuant to § 363(i) of the Bankruptcy Code, Sylvia Oswald has the right of first refusal to purchase the property at the proposed sales price, and new financing should be available to Sylvia Oswald to purchase the debtor's one-half interest in the property based on the substantial amount of equity in the real estate. In light of these facts, this Court finds that pursuant to § 363(h), the benefit to the estate from the proposed sale of the jointly owned property outweighs any detriment to the co-owner, Sylvia Oswald.

## CONCLUSIONS

The Court must first determine whether § 522(b)(2)(B) applies in West Virginia, i.e., is the interest of the debtor "exempt from process". Applying the West Virginia case decisions to the real estate statutes, the Court found that in West Virginia, jointly held property could be exempt from process if the non-debtor co-owner spouse would be "prejudiced" by the sale of the entire interests by the creditor. The Court's factual finding was that the non-debtor co-owner spouse would not be "prejudiced" by the sale of the whole interest. Therefore, the debtor may not exempt his interest in the jointly held property for the reason that under West Virginia law, the property is not "exempt from process". This finding does not take away all rights the debtor may have in the property. He may still exempt the sum of Seven Thousand Five Hundred Dollars ($7,500) under W.Va.Code § 38–10–4(a).

The first analysis under West Virginia law does not completely settle the issue. The next question is: Does the sale meet the four requirements of Bankruptcy Code § 363(h)? In the instant case, the Court has determined that each of the requirements of § 363(h) has been met.

The Court thereby concludes that the trustee may sell the property upon the terms and conditions set forth in the motion.

In accordance with the findings of the Court with respect to the prejudice and detriment/benefit test, it is not necessary

to apply the joint creditor concept and no decision is rendered herein.

It is accordingly SO ORDERED.