883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Richard J. OSWALD, etc., Debtor,
James J. HARKINS, Trustee for Richard J. Oswald, etc.,
Plaintiff-Appellant,
v.
Richard J. OSWALD, Debtor, Sylvia Oswald, Fed. One, F.A.,
Defendants-Appellees.
 No. 88-1616.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1989.
Decided Aug. 9, 1989.
 
 James J. Harkins for appellant.
 Paul C. Camiletti (Camilletti and Sacco on brief) for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 On March 16, 1987, Richard Oswald filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. The bankruptcy trustee subsequently sought permission to sell a parcel of real estate located in Wheeling, West Virginia, in which the debtor had an interest. See 11 U.S.C. Sec. 363(h). On August 12, 1988, the bankruptcy court granted the trustee's motion for summary judgment and authorized the trustee to sell the property and divide the net proceeds equally between the bankruptcy estate and Sylvia Oswald, the debtor's wife. The district court vacated the bankruptcy court's decision and remanded the action for further proceedings. We reverse and remand.
 
 
 2
 A debtor's bankruptcy estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Sec. 541(a)(1). Property interests, legal or equitable, are created and defined by state law. See Butner v. United States, 440 U.S. 48 (1979). Here, Richard and Sylvia Oswald jointly own the real estate at issue; the West Virginia law of joint tenancies is therefore controlling in determining the debtor's interest in the property. We agree with the bankruptcy court that the debtor owns a one-half undivided interest in the real estate which presumptively became property of the bankruptcy estate when the debtor filed his bankruptcy petition. See 11 U.S.C. Sec. 541; In re Ford, 3 B.R. 559 (Bankr.D.Md.1980), aff'd sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir.1981).
 
 
 3
 This presumption, however, does not end the inquiry. The trustee may sell both the debtor's interest and Sylvia Oswald's interest in the jointly owned real estate only if: (1) the property is not excludable from the bankruptcy estate pursuant to 11 U.S.C. Sec. 522; and (2) the four statutory elements of 11 U.S.C. Sec. 363(h) are satisfied. Jointly owned property which is not subject to judicial sale under state law, for example, is excludable from the bankruptcy estate and therefore cannot be sold by the bankruptcy trustee. See 11 U.S.C. Sec. 522(b)(2)(B). In evaluating whether a judicial sale is permitted under West Virginia law, a court must determine, inter alia, whether the interests of others entitled to the property will be promoted or prejudiced by a sale of the entire parcel of real estate. See W.Va.Code Sec. 37-4-3. Here, the issue of "prejudice to the non-debtor spouse" must therefore be carefully considered. See Harris v. Crowder, 322 S.E.2d 854, 862 (W.Va.1984).
 
 
 4
 Moreover, the trustee may not sell both the debtor's interest and Sylvia Oswald's interest in the property unless the four statutory conditions in 11 U.S.C. Sec. 363(h) are satisfied. Three of the conditions have been stipulated to by the parties. The fourth condition is similar to the inquiry under West Virginia law and 11 U.S.C. Sec. 522--that is, whether "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." 11 U.S.C. Sec. 363(h)(3). The court should consider the economic hardship faced by Sylvia Oswald, see In re Addario, 53 B.R. 335, 338 (Bankr.D.Mass.1985); In re Bell, 80 B.R. 104, 106 (M.D.Tenn.1987), as well as the emotional harm to her arising from the forced sale. In re Persky, 78 B.R. 657, 664-67 (Bankr.E.D.N.Y.1987) ("any loss, harm, injury, or prejudice proximately following from an involuntary displacement" may be relevant to the inquiry).
 
 
 5
 Here, the bankruptcy court determined that the benefit to the bankruptcy estate arising from the proposed sale outweighed any detriment to Sylvia Oswald. Although Sylvia Oswald would be inconvenienced by having to relocate herself and her two children, the bankruptcy court concluded that she would be able to finance the purchase of another home based on her equity in the jointly owned real estate. She also would have the right of first refusal to purchase the bankruptcy estate's interest in the property at the proposed sale price. See 11 U.S.C. Sec. 363(i). The bankruptcy court therefore authorized the trustee to sell the property and divide the net proceeds equally between Sylvia Oswald and the bankruptcy estate.
 
 
 6
 The district court, however, did not review the bankruptcy court's findings and conclusions. Although the issue was not raised by the parties or the bankruptcy court, the district court blocked the proposed sale, holding that the debtor's interest in the real estate could not be ascertained. In August of 1985, Sylvia Oswald had instituted a divorce action against the debtor which is still pending in state court. The jointly owned real estate was therefore marital property and the district court refused to authorize the proposed sale pending equitable distribution of the property under West Virginia law. The district court suggested that the bankruptcy court abstain from deciding the equitable division of the marital property in order to allow a state court to make the determination.
 
 
 7
 We reverse. Equitable distribution of marital property is permitted under West Virginia law only upon the entry of a final judgment of annulment, divorce, or separation. See W.Va.Code Sec. 48-2-32(a); Caldwell v. Caldwell, 350 S.E.2d 688, 691 (W.Va.1986). Here, however, Sylvia Oswald's divorce action is still pending. The district court's suggestion that the bankruptcy court abstain in favor of the state court divorce proceeding would unduly delay disposition of the bankruptcy petition; it would frustrate one of the purposes of the Bankruptcy Code which is to determine promptly the size of the bankruptcy estate. See, e.g., 11 U.S.C. Sec. 363(h); In re Brown, 33 B.R. 219, 222 (Bankr.N.D.Ohio 1983). Finally, the primary facts of this case have been stipulated to by the parties and are therefore not in dispute. The parties acknowledge, for example, that Richard and Sylvia Oswald each own a one-half undivided interest in the property at issue, and, that partition in kind of the real estate is impracticable.
 
 
 8
 In sum, the issue before the district court is the appropriateness of the bankruptcy court's conclusion that the benefit to the bankruptcy estate arising from the forced sale outweighed the detriment, if any, to Sylvia Oswald. We express no opinion on this issue at this time. We do, however, believe that federal bankruptcy laws require that the district court do so. We thus reverse the district court's judgment and remand this action for a review of the bankruptcy court's findings and conclusions in light of 11 U.S.C. Secs. 522(b)(2)(B) & 363(h).
 
 
 9
 REVERSED AND REMANDED.