In re Elizabeth M. ADDARIO, Debtor.

John G. NEYLON, Trustee in Bankruptcy Plaintiff,

v.

Elizabeth M. ADDARIO, Joseph J. Cinelli, Jr., Trustee of Cinelli Realty Trust, Mary Addario, Regal Lithograph Co., Inc. and Internal Revenue Service, Defendants.

Bankruptcy No. 84–829–JG.
Adv. No. A84–0271.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 24, 1985.

James B. Richardson, Neylon & O'Brien, P.A., Boston, Mass., for plaintiff.

Geraldine L. Brotherton, Marullo & Barnes, Boston, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court for determination is the Trustee's Complaint against the debtor, Elizabeth Addario, and her father, Joseph Cinelli, pursuant to 11 U.S.C. § 363(h) to sell free and clear the interest of the debtor and her father in a single family dwelling located at 47 Ambrose Street, Revere, Massachusetts. The trustee seeks to retain on behalf of the estate two-thirds of the sales price and further seeks disallowance of the debtor's exemption claimed pursuant to 11 U.S.C. § 522(d)(1).

On June 20, 1984 the debtor filed a voluntary chapter 7 petition. On that date record title to 47 Ambrose Street, Revere, Massachusetts was held by Joseph J. Cinelli, Jr., Trustee of Cinelli Realty Trust. The debtor was a contingent successor trustee and her children are the beneficiaries of the Cinelli Realty Trust. Joseph Cinelli acquired title to the property by deed recorded on May 11, 1984 from Elizabeth Addario and Joseph Cinelli, joint tenants for $1.00. This conveyance was avoided as a fraudulent transfer by this Court's order dated September 24, 1984 allowing the Trustee's Motion for Summary Judgment as to count 1 of his Complaint.

By deed recorded on August 23, 1978 Elizabeth M. Addario, her husband Steven J. Addario, and her father, Joseph J. Cinelli, Jr. acquired 47 Ambrose Street, Revere for $46,500 as joint tenants and not as tenants in common. Cinelli testified that he contributed $3,000 to the purchase price, although Addario testified that his contribution was $2,000. He has paid $120 per week to his daughter for expenses "of the house" and has taken no deductions for mortgage interest or real estate taxes on his federal income tax returns. He understood his ownership interest to be one-half. Elizabeth & Steven Addario stated they contributed $2,000 to the purchase price in 1978. She and her husband understood their joint ownership to be on a fifty percent shared basis with her father. The parties gave Atlantic Bank a mortgage for $41,800. By deed recorded August 27, 1980 Steven J. Addario conveyed his interest in the property to Elizabeth M. Addario for no consideration. Steven Addario was in financial difficulty at this time. He testified that his interest in the house was transferred to Elizabeth on the advice of counsel in an attempt to shield it from creditors.

In the schedules filed with the petition, the debtor listed as an asset a one-half-interest in the house with a value of $30,000. She claimed $7,900 of this interest as exempt, which the trustee contests. The property is encumbered by a $38,000 mortgage and real estate taxes are owed to the town in the sum of $2,000. According to the appraiser employed by the trustee the property has a fair market value of $96,000. Although it has an "in law apartment" in the basement, the building could not qualify for severance into condominium units. The defendants did not introduce any expert opinion as to value. The property was assessed by the town for $70,300 in 1984. The debtor testified the house has a flooding problem during rainstorms, but a sump pump operates to control the water. There has been some damage to tiles and

walls from water damage. The appraiser took these factors into consideration in arriving at his opinion.

The first issue presented is what is the extent of the trustee's interest in the property. The debtor's interest in the property as of the date of the filing is determinative. The commencement of a bankruptcy case creates an estate, including all legal and equitable interests of the debtor in property as of the commencement of the case 11 U.S.C. § 541 (a)(1) and any interest in property that the trustee recovers for the benefit of creditors by avoiding a fraudulent transfer. 11 U.S.C. § 541 (a)(3). A trustee has the power to sell under § 363(h) property of the estate by reason of avoidance of a prepetition fraudulent transfer. *In re Brown*, 33 B.R. 219 (Bankr.N.D.Ohio 1983).

Prior to 1973 it had been held that a conveyance to husband, wife, and unmarried man as joint tenants conveyed a one-half interest in the realty to the unmarried man to be held as a tenant in common with the husband and wife who hold their one-half in common as tenants by the entirety. *Fulton v. Kastowney*, 342 Mass. 503, 174 N.E.2d 366 (1961). Effective June 22, 1973 a conveyance to a person and his spouse as joint tenants does not create a joint tenancy. M.G.L. c. 184 § 7. In a conveyance to three or more persons words creating a joint tenancy apply to all grantees, regardless of marital status, "unless a contrary intent appears from the tenor of the instrument. *Id.* A conveyance to two married couples "all joint tenants" creates an equal joint interest in each of the four. *Fekkes v. Hughes*, 354 Mass. 303, 237 N.E.2d 19 (1968). A joint tenant may freely convey his interest but such a transfer severs the joint tenancy and the grantee becomes a tenant in common with the other owners. If one of three joint tenants conveys his interest to another joint tenant, the grantee becomes a tenant in common with respect to the one-third interest conveyed, but remains a joint tenant with the other of a two

thirds interest. *M. & D. Park*, 28 Mass. Practice series, Real Estate Law, ¶ 128, at 155–56 (1981 ed. Supp.1985).

Parol evidence is not admissible to prove that parties intended something different from that which the written language of the deed expresses. Where words are doubtful or ambiguous, it is appropriate to admit evidence of existing circumstances to give meaning to language and to show the sense in which particular words were probably used. *Oldfield v. Smith*, 304 Mass. 590, 24 N.E.2d 544 (1940).

In the present case the 1978 conveyance was to husband, wife and father as joint tenants. By virtue of M.G.L. c. 184 § 7 this language applies to all three parties. The conveyance created an equal joint interest in each of the three persons. Nothing in the instrument requires a contrary conclusion or raises any ambiguity. Evidence of the parties intentions is inadmissible to vary the instrument. The decision of *Fulton v. Kastowney, supra*, is not controlling because the case dealt with a conveyance prior to the amendment of the current statute, and a time when it was presumed that a husband and wife took joint title as tenants by the entirety. When Steven Addario conveyed his interest to Elizabeth Addario in 1980, Elizabeth became the owner of a two-thirds interest in the property. Elizabeth Addario held a two-thirds interest on the date of the filing of the bankruptcy petition, since the trustee avoided the subsequent fraudulent transfer to Cirelli Realty Trust.[1] Accordingly the trustee has a two-thirds interest in the property.

The next issue presented is whether the trustee should be allowed to sell the property free of the interest of the co-owner, Joseph Cinelli. The trustee of the debtor has the power to sell the debtor's interest in property as well as that of a non-debtor co-owner if certain conditions are met: par-

---

1. The question of whether Steven Addario may have fraudulently conveyed his interest to Elizabeth in 1980 is not before me. No party to this proceeding has sought to avoid the conveyance as a fraudulent transfer which is voidable, as opposed to void. Park, 28 Mass. Practice Series, § 104, at 126 (Supp.1985).

tition in kind must be impracticable; sale of the estate's interest would realize significantly less than the sale free of the interests of co-owners; benefit to the estate outweighs the deteriment to co-owners; and the property must not be used for utility purposes. 11 U.S.C. § 363 (h) (1979). The statute gives the non-debtor co-owner certain protections. The co-owner has the right to purchase the property at the trustee's sale price. 11 U.S.C. § 363 (i). The co-owner is entitled to the proceeds of sale according to his interest. 11 U.S.C. § 363 (i).

The first condition that must be met for the trustee to sell property of the estate is that partition of the property between the co-owners is impracticable. Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds. *In re Ivey*, 10 B.R. 230, 7 B.C.D. 562, 563 (Bankr.N.D.Ga.1981). The subject property is a single family ranch style dwelling with a basement in law apartment. The appraiser testified that the apartment could not be converted to a condominium under applicable zoning law. Moreover, no other building could be constructed on the 4600 square foot lot. In light of these facts, I find that partition of the locus is impracticable.

The second condition of 11 U.S.C. § 363 (h) is that the sale of the estate's interest would realize significantly less for the estate than a sale free from the interest of co-owners. Accepting the $96,000 value placed upon the residence by the trustee's appraiser, and in light of outstanding $40,000 secured indebtedness, and the co-owner's one-third interest the estate would realize in the vicinity of $38,000. This does not consider payment to the debtor of her claimed exemption pursuant to 11 U.S.C. § 522(d), (i) which shall be discussed *infra*. A sale by the estate of a fractional interest would result in substantially less than this amount, according to the appraiser, because of the chilling effect of the co-owner's interest especially where the co-owner could continue to live on the proper-

ty. Therefore, the Court finds that the second condition of § 363 (h) has been met.

The third condition is that the benefit to the estate from the proposed sale must outweigh the detriment to the co-owner. In deciding whether to allow a sale, the Court must consider the economic and emotional detriment which the co-owner would face in being evicted. *See In re Levenhar*, 30 B.R. 976, 10 B.C.D. 1365, 1369 (Bankr.E. D.N.Y.1983). The benefit to the estate in this case is obvious since the estate will receive approximately $27,000. There is no doubt that Mr. Cinelli will sustain some hardship in being displaced. He will receive, however, a lump sum payment in the vicinity of $18,000 as his share of the proceeds of the sale. He would also be able to purchase the property from the trustee at the proposed sales price. Moreover, Mr. Cinelli indicated that if evicted, rather than find an apartment, he would again make arrangements to live with his daughter and her family. Therefore, in light of these facts the Court finds that the benefit to the estate from the proposed sale far outweighs any detriment to the co-owner. Finally, the fourth condition has been satisfied as the property is not used for utility purposes.

Finally, the trustee objects to the debtor's claimed exemption of $7,900 of her interest in the Revere property. Where the trustee recovers property fraudulently conveyed by the debtor the debtor may not claim exemptions out of the recovered property. 11 U.S.C. § 522(g) (1979). *See L. King, 3 Collier on Bankruptcy*, ¶ 522.-08 [3], at 522.37 (15th ed. Supp.1984). Accordingly, I disallow the debtor's claimed exemption of $7,900 in any proceeds of the trustee's sale. The plaintiff is entitled to sell the property free and clear of liens and ownership interests pursuant to 11 U.S.C. § 363 (h) with all valid liens and interests to attach to the proceeds of the sale.