

John F. Ames, Richmond, Va., trustee.

Leonard E. Starr, III, Farmer, Starr & Holmes, Sandston, Va.

Kevin R. Huennekens, Maloney, Yeatts & Barr, P.C., Richmond, Va., for Marie H. Wickham.

William A. Forrest, Jr., Sands, Anderson, Marks & Miller, Richmond, Va., for Regency Bank.

**In re Sommerville WICKHAM, Jr., Debtor.**

**Bankruptcy No. 90–30677–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Oct. 26, 1990.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On August 6, 1990, John F. Ames, trustee, filed an application to sell the debtor's residence free and clear of liens and interest of co-owner pursuant to 11 U.S.C. § 363(b)(1). The property in question is

---

held by the debtor as tenants by the entirety with his wife, who has not filed for bankruptcy protection. The debtor has claimed the property exempt under 11 U.S.C. § 522(b)(2)(B) [1].

A hearing on the trustee's application was held on September 12, 1990, at which both the debtor and Mrs. Wickham objected to the proposed sale.

The trustee asserts that there are joint unsecured creditors of the debtor and his wife, and therefore the debtor cannot exempt the property from the estate. In addition to his application to sell the realty, the trustee has filed an objection to the debtor's claimed exemption of the property and an adversary proceeding complaint against the Mrs. Wickham and others to compel the sale of her interest in the property pursuant to § 363(h). (AP No. 90–3163.) However, it is the trustee's position that he should be authorized by virtue of his application to sell the realty immediately, before there has been a trial or other resolution under the § 363(h) complaint.[2]

After considering the oral and written argument of counsel, this court concludes that the trustee's application cannot be approved until there has been compliance with 11 U.S.C. § 363(h).

Section 363 of the Bankruptcy Code provides broad authority, among other things, for the trustee in bankruptcy to sell property of the bankruptcy estate. Section 363(b)(1) provides "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

Section 363(f) provides the conditions under which the trustee may sell estate property free of the interest of another entity; generally, the interests of others that must be dealt with under this subsection are liens against the property. Section 363(h) provides conditions under which the trustee may sell the interest of a nondebtor co-owner in the asset.[3]

The principal dispute here is whether the trustee may simply sell the tenancy by the entirety property under his § 363(b)(1) ap-

---

**1.** Section 522(b)(2)(B) provides that an individual debtor may exempt from property of the estate:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

**2.** Another issue raised by the trustee's position concerns the disposition of the net proceeds of sale after payment of liens and claims of joint creditors. The trustee asserts that the denial of the debtor's exemption under § 522(b)(2)(B) is absolute and therefore that the debtor's one half interest in these excess proceeds will remain an asset of the bankruptcy estate available for claims of individual creditors. The court finds it unnecessary at this time to rule on this particular issue.

**3.** Section 363(f) provides that the trustee may sell property under § 363(b) free and clear of any interest of another entity only if-

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater

than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(h) provides that notwithstanding § 363(f):

the trustee may sell both the estate's interest, under subsection (b) ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of the co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

plication or whether he must first comply with requirements imposed by § 363(h) for the sale of the interest of the co-owner.

The trustee, in maintaining that he need not satisfy the requirements of § 363(h) prior to sale, relies upon the opinion of the United States Court of Appeals for the Fourth Circuit in *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985). In *Sumy*, the court denied a debtor's § 522(b)(2)(B) exemption in property held as tenants by the entirety with his non-debtor spouse because of the existence of joint creditors. The court then permitted the trustee to administer the property under § 363(h).

This court can find no language in the *Sumy* opinion or any other opinion cited by the trustee authorizing his sale of a co-owner's interest in property without following the requirements of § 363(f) or (h). The *Sumy* opinion makes it clear that the bankruptcy trustee there sought to administer the tenancy by the entirety property pursuant to § 363(h), and the court expressly required administration under § 363(h). *Sumy*, 777 F.2d at 924, 932. Therefore *Sumy* does not support the trustee's position. Moreover, permitting sale without requiring the trustee to comply with § 363(f) or (h) would render those subsections meaningless.

Unquestionably, *Sumy* supports the trustee's position that the debtor's claim of exemption may be required to give way to the trustee's administration of the subject tenancy by the entirety property insofar as there are joint creditors of the debtor and Mrs. Wickham.[4] However, this court holds that prior to any sale of the property the trustee must first comply with § 363(f) and (h).

Section 363(f) should present no problem to the trustee since presumably he will satisfy all liens against the property from the proceeds of sale. If this were the only precondition to sale, the trustee's application could be approved at this time, subject to the payment of liens at settlement.

However, the trustee must also establish that the more restrictive conditions of § 363(h) for the sale of the co-owner's interest are met. Since the co-owner opposes the sale, the trustee can establish these conditions only by proceeding under the complaint he has already filed against Mrs. Wickham. Consequently, the trustee's application to sell the property cannot be approved at this time.

A separate order will be entered.

---

4. Even so, the court of appeals indicated it may be possible for the debtor or the nondebtor spouse to avoid the trustee's sale by making other arrangements with the joint creditors. See *Sumy v. Schlossberg*, 777 F.2d at 931 (footnote 25); 11 U.S.C. § 363(i).