In re Wunita L. GRIFFIN, Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

Mary GRIFFIN, Defendant.

Bankruptcy No.: 87–01663–BKC–SMW.
Adv. No.: 90–0556–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 8, 1991.

**934**

Ronald Lewis, West Palm Beach, Fla., for plaintiff.

Reggie David Sanger, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Daniel L. Bakst (the "trustee") against Mary Griffin (the "co-owner") for determination, partition, and sale of the respective interests of Wunita L. Griffin (the "debtor") and the co-owner in real property pursuant to 11 U.S.C. § 363(h) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(N).

On December 9, 1977, a residence located at 1808 Lauderdale Manor Drive, Fort Lauderdale, Florida was purchased in the name of Mary Geneva Griffin and Wunita L. Griffin as joint tenants with rights of survivorship. The debtor signed the mortgage as an accommodation to the co-owner so that she could qualify for the purchase money mortgage. All mortgage payments and improvements to the property have been made by the co-owner. The debtor has not resided in the property and did not claim the property as her exempt homestead under Florida law. The property was not listed on the debtor's bankruptcy schedules. The co-owner currently lives in the property along with her twenty year old daughter. The current fair market value of the property as testified by the co-owner is approximately $25,000.00 subject to an outstanding secured indebtedness on the property of approximately $20,000.00. The trustee, as successor in interest to the property of the debtor by operation of 11 U.S.C. § 541, brought this action seeking to sell the property pursuant to 11 U.S.C. § 363(h) in order for the estate to realize the proceeds of its one-half interest in the property.

The co-owner argues that since she has paid all the consideration for the property, any interest of the estate in the property is subject to a resulting trust and that it should be determined that the co-owner is the sole owner of her residence. A resulting trust arises automatically out of a set of circumstances to accomplish the presumed intent of the parties. *In re Hampton,* 43 B.R. 633 (Bankr.M.D.Fla. 1984). For example, where the purchase price of property is provided by one person but title is taken in the name of another, the title holder is presumed to hold the same in trust for the other. *In re Hampton,* 43 B.R. at 633; *Socarras v. Yaque,* 452 So.2d 992 (Fla. 3d DCA 1984). A resulting trust must arise, if at all, at the instant legal title vests and the alleged beneficiary must have paid the purchase price or bound himself by an absolute obligation to pay it. *Socarras v. Yaque,* 452

So.2d at 994; *Harnish v. Peele*, 386 So.2d 8 (Fla. 5th DCA 1980).

■ In the case at hand, it was the debtor, not the co-owner, who supplied a vast majority of the consideration at the time legal title vested in the debtor and co-owner. The majority of the consideration for the purchase of the property was the $23,-500.00 mortgage which the debtor was required to sign in order for the co-owner to obtain financing for the purchase of the property. Other than the closing costs, the co-owner only expended money on the property after legal title vested, and these expenditures were concurrent and incident to the co-owner's habitation and enjoyment of the property. Therefore, the Court finds that the co-owner is not entitled to the imposition of a resulting trust and that the estate does have a joint one-half ownership interest in the property.

Pursuant to 11 U.S.C. § 363(h), a trustee may sell both the estates' interest and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if the following conditions are met:

"(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power."

The statute also gives the non-debtor certain protections. The co-owner has the right to purchase the property at the trustee's proposed sale price. 11 U.S.C. § 363(i). The co-owner is entitled to a percentage of the proceeds of sale according to his interest. 11 U.S.C. § 363(j).

■ The first condition that must be satisfied before the Court will permit a sale of the jointly owned property pursuant to § 363(h) is that partition of the property between the co-owners is impracticable. Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds. *In re Ivey*, 10 B.R. 230 (Bankr.N.D.Ga.1981). In light of the fact that the subject property is a small residential home, the Court finds that partition of the property is impracticable.

■ The second condition of § 363(h) is that sale of the estate's interest would realize significantly less for the estate than a sale free from the interest of co-owners. Although no evidence was introduced as to the trustee's efforts to sell the estate's interest in the subject property to the co-owner or to any other parties, the trustee relies on *In re Vassilowitch*, 72 B.R. 803 (Bankr.D.Mass.1987), to invite the Court to take judicial notice that a sale of the estate's undivided interest in the property would realize significantly less for the estate than a sale of such property free of the interest of the co-owner. In *Vassilowitch*, the court took judicial notice that the sale of the estate's interest in such property would realize less than the sale free of the co-owner's interest in view of the absence of testimony or documentary evidence presented on this point, although the co-owner was permitted to move for reconsideration upon the filing of an affidavit of a qualified appraiser stating the contrary. The court based its decision to take judicial notice upon the Advisory Committee Note to Fed.R.Evid. 201, which requires "a high degree of indisputability as the essential prerequisite" to taking judicial notice of facts.

This Court takes judicial notice that a sale of the estate's undivided one-half interest would realize substantially less than a sale of the property free of the interest of the co-owner. The co-owner's undivided one-half ownership interest chills any prospective purchase of the estate's interest

since she currently resides on the property and could prevent any sale of the property indefinitely. Contrastingly, accepting the $25,000.00 value placed upon the residence by the co-owner, and in light of the outstanding secured indebtedness on the property of approximately $20,000.00, and the co-owner's one-half interest, the estate would receive approximately $2,500.00 from the proposed sale less the costs associated with the sale. Therefore, the Court finds that the second condition of § 363(h) has been met.

The third condition of § 363(h) is that the benefit to the estate from the proposed sale must outweigh the detriment to the co-owner. In determining whether the benefit to the estate outweighs the detriment to the co-owner, the Court must consider the economic and emotional detriment which the co-owner would face. *In re Addario*, 53 B.R. 335 (Bankr.D.Mass. 1985); *In re Persky*, 78 B.R. 657 (Bankr.E. D.N.Y.1987); *In re Bell*, 80 B.R. 104 (Bankr.M.D.Tenn.1987); *In re Levenhar*, 30 B.R. 976 (Bankr.E.D.N.Y.1983). In *Persky*, the court defined detriment as meaning not only economic hardship, but also any loss, harm, injury, or prejudice proximately following from an involuntary displacement. *Persky*, 78 B.R. at 665.

Other bankruptcy courts have addressed the benefit/detriment balancing test of § 363(h)(3) in conjunction with § 363(i) which gives the co-owner the right of first refusal to purchase the property at the price at which a sale would be consummated. For example, in *In re Ivey*, 10 B.R. 230, 233 (Bankr.N.D.Ga.1981), the court held that the benefit to the estate of at least $4,100.00 from the sale of jointly owned property outweighed the detriment to the co-owner, ex-wife, where the co-owner had the right to purchase the property at the proposed sales price and there was a significant amount of equity in the property that would enable the co-owner to secure new financing to purchase the property.

Similarly, in *Addario, supra,* the court found that although the co-owner would sustain some hardship in being displaced from his home, the co-owner would receive a lump sum payment in the vicinity of $18,000.00 as his share of the proceeds from the sale and would also be able to purchase the property from the trustee at the proposed sales price. In determining that the benefit to the estate from the proposed sale outweighed any detriment to the co-owner, the court also considered the fact that the co-owner indicated he would live with his daughter's family if involuntarily displaced from his residence.

Likewise, in *In re Oswald*, 90 B.R. 218 (Bankr.N.D.W.Va.1988), the court found that the benefit to the estate of approximately $12,500.00 from the sale of jointly owned property outweighed the detriment to the co-owner, wife, where the co-owner had the right of first refusal to purchase the property at the proposed sales price and there was a substantial amount of equity in the property that would enable the co-owner to obtain new financing to purchase the debtor's one-half interest in the property.

However, under the facts of this case, the § 363(i) right of first refusal affords no real protection to the co-owner. The current fair market value of the property is approximately $25,000.00 and the property is subject to an existing secured indebtedness of approximately $20,000.00. This leaves approximately $5,000 in equity in the property in which the estate and the co-owner each have a one-half ownership interest. After factoring in the costs and expenses of a sale of the property, the benefit to the estate by virtue of its one-half interest in the proceeds will be minimal whereas the detriment to the co-owner will be great. Given the lack of a significant amount of equity in the property, the prospect of the co-owner obtaining new financing to purchase the property is highly unlikely. This is further evidenced by the fact that the only reason the estate has a joint interest in the property is because the debtor signed the mortgage as an accommodation to the co-owner who could not obtain a mortgage in her own name.

There can be no doubt that the economic and emotional impact resulting from the co-owner's involuntary displacement from

her residence of almost fourteen years would be severe. Whatever minimal benefit the sale of the property might result in for the debtor's estate, the Court concludes that the resulting detriment to the non-debtor co-owner greatly outweighs that benefit. Therefore, the Court finds that the third condition of § 363(h) has not been satisfied and as a result the trustee's complaint for sale of the subject property pursuant to 11 U.S.C. § 363(h) is denied.

The Court shall enter a separate Final Judgement consistent with the findings herein.