**In re Sommerville WICKHAM, Jr., Debtor.**

**John F. AMES, Trustee, Plaintiff,**

**v.**

**Sommerville WICKHAM, Jr., Marie H. Wickham, Signet Mortgage Corporation, Signet Bank, Defendants.**

**Bankruptcy No. 90–30677–T.**
**Adv. No. 90–3163–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 13, 1991.

Frederick W. Gibb, Spinella, Owings & Shaia, Richmond, Va., for Mr. Gilliam.

Kevin R. Huennekens, Maloney, Yeatts & Barr, Richmond, Va., for Mrs. Wickham.

John F. Ames, Richmond, Va., trustee.

Leonard E. Starr, III, Sandston, Va., for debtor.

Robert D. Perrow, Williams, Mullen, Christian & Dobbins, Richmond, Va., for Signet.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Marie H. Wickham, a nondebtor in the bankruptcy case of her husband, Sommerville Wickham, Jr., filed an objection to a proof of claim of Robert L. Gilliam, III. The objection was filed under the style of the above adversary proceeding brought by the trustee in bankruptcy pursuant to 11 U.S.C. § 363(h) to sell property that Mr. and Mrs. Wickham own as tenants by the entirety. Hearing on the objection was held on April 23, 1991. After receiving evidence and argument, the court took the objection under advisement.

For reasons stated in this opinion, the Gilliam claim will be disallowed.

**1.** Section 522(b)(2)(B) allows an individual debtor to exempt property held as a tenant by the entirety to the extent that interest is exempt under state law. Under Virginia law this type of interest is exempt as to creditors of one spouse who are not creditors of the other spouse. *See, e.g., Vasilion v. Vasilion,* 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951); *Virginia National Bank v. Martin (In re Martin),* 20 B.R. 374 (Bankr.E.D.Va.1982).

**2.** Section 363(h) authorizes the trustee to sell property in which the debtor and a nondebtor co-owner hold an undivided interest, but only if,

## Background

The debtor filed an individual chapter 7 bankruptcy petition on March 9, 1990. Among scheduled assets were his residential real estate located at 4706 Charmian Road, Richmond. This realty, which is owned by Sommerville Wickham and Marie Wickham as tenants by the entirety, was claimed exempt by Wickham pursuant to 11 U.S.C. § 522(b)(2)(B).[1] The debtor's schedules also revealed that he and Mrs. Wickham had substantial joint debt.

The Charmian Road property has a value substantially in excess of prepetition liens against the property. On August 6, 1990, the debtor's trustee in bankruptcy filed an application to sell the property free of Mrs. Wickham's interest pursuant to 11 U.S.C. § 363(b)(1). The trustee also gave the appropriate notice to creditors of his intent to sell. The trustee asserted that he was authorized to sell the co-owned realty on notice and application by virtue of the ruling of the Court of Appeals for the Fourth Circuit in *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985). In *Sumy,* the court denied a debtor's § 522(b)(2)(B) exemption in property held as tenant by the entirety with his nondebtor spouse because of the existence of joint creditors. The court's ruling permitted the trustee to administer the property under § 363(h) on behalf of the joint claimants.

Marie Wickham objected to the trustee's attempt to sell the property by notice and application under § 363(b)(1). She asserted that the trustee could sell co-owned property only by commencing an adversary proceeding and meeting the requirements of 11 U.S.C. § 363(h).[2] The trustee, apparent-

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of

ly in anticipation of Mrs. Wickham's position, had concurrently with his application to sell the property under § 363(b)(1), filed the instant adversary proceeding seeking authority to sell the property pursuant to § 363(h).

Hearing was held ·on Mrs. Wickham's objection to the trustee's attempt to sell the property under § 363(b)(1). The trustee argued that *Sumy v. Schlossberg* was authority for his immediate sale of the property without prior compliance with § 363(h).

By opinion and order entered on October 26, 1990, this court ruled that in view of Mrs. Wickham's objection to the sale, the trustee must establish that the restrictive conditions of § 363(h) are met prior to his sale of the property. *In re Wickham,* 127 B.R. 9 (Bankr.E.D.Va.1990). Consequently, the trustee's application to sell was not approved. The effect of the court's ruling was to require the trustee to proceed under his § 363(h) complaint for authority to sell.

Subsequently, the parties have agreed to permit the Wickhams to make a private sale of their residence, and a sale contract is presently pending settlement. Following the sale, it is anticipated that the debtor's trustee in bankruptcy will receive the excess proceeds of sale after payment of closing costs and liens against the realty. From these excess funds, the trustee will pay the joint unsecured claims allowed against Mr. and Mrs. Wickham. To the extent there are proceeds in excess of joint claims, these funds will be available to Mr. and Mrs. Wickham under the debtor's § 522(b)(2)(B) exemption.[3]

At the trustee's request proofs of joint claims were solicited. Robert L. Gilliam, III, filed the joint and secured claims to which the trustee now objects.

*Facts*

On February 4, 1991, Gilliam filed a proof of claim in this case in the amount of $1,341,490.34. The claim stated that it was a "secured claim jointly against the assets of" the debtor and Marie H. Wickham, a nondebtor, and also that it was secured by a lien on real property located at 4706 Charmian Road, Richmond, Virginia. Attached to the claim as supporting documentation were a large number of promissory notes payable to Gilliam. A review of these instruments reveals that the notes are obligations of Sommerville Wickham, Jr., and others, but in no instance is there a promissory note executed, endorsed, or guaranteed by Marie Wickham.

On January 3, 1990, Gilliam, Sommerville Wickham, Jr., and Marie H. Wickham entered into an agreement which provided as follows:

In consideration of the premises and other consideration the sufficiency of which is agreed, the parties, intending to be legally bound agree as follows:

1. Wickhams agree to make (within ten days) application for and diligently pursue with bona fide efforts to obtain a refinance of 4706 Charmian Road, Richmond, Virginia. All proceeds over existing two Signet Deeds of Trust shall be paid to Gilliam on the existing debt owed him by Westhampton Mortgage Co., Inc. The loan shall be for not less than seventy-five percent (75%) of the appraised value of the property. The loan terms shall be subject to the approval of Gilliam and the Wickhams. Gilliam reserves the right to pay loan points in excess of two points. Wickhams agree not to sell, or further encumber 4706 Charmian Road, Richmond, Virginia until the provisions of this agreement are complied with.

electric energy or of natural or synthetic gas for heat, light, or power.
11 U.S.C. § 363(h).

3. This court previously ruled in an unpublished order in this case over the opposition of the trustee that to the extent funds remain after payment of joint and secured claims, these funds retain the status of exempt tenancy by the entireties property. The trustee has recently filed a new adversary proceeding seeking, among other things, a partition of any excess proceeds so that at least one-half will be available to Sommerville Wickham's individual creditors in the bankruptcy case.

2.  Wickhams agree to assign all rents and the Landlord's interest in excess of the Pickle and Signet mortgage payments in all loans for 3401 West Broad Street, Richmond, Virginia to Gilliam as well as 106 and 108A 60th Street, Virginia Beach, Virginia. The rent for West Broad Street, Richmond, Virginia is Three Thousand Six Hundred and 00/100 Dollars ($3,600.00) per month and a portion of the Virginia Beach property is presently unrented.

This agreement of January 3, 1990, is the only evidence in support of Gilliam's assertion to hold a joint and secured claim against Mr. and Mrs. Wickham and their property.

### Discussion And Conclusions

■ At the outset of Gilliam's argument, his counsel contended that Marie Wickham has no standing to object to the claim. This argument is rejected. 11 U.S.C. § 502(a) provides for the objection to claims by parties in interest. It is true that in a chapter 7 case the trustee is usually the appropriate party to object to claims, a duty imposed by 11 U.S.C. § 704(5). See L. King, 3 *Collier On Bankruptcy*, (15th ed.) ¶ 502.01[2], pages 502–11—502–13.

In this case we have a rather unusual situation brought about by the limited exception to debtor's exemption provided for by the court of appeals in *Sumy v. Schlossberg*. The trustee is allowed, if he can meet the requirements of § 363(h), to sell the property held by a debtor and nondebtor spouse as tenants by the entirety and use the proceeds to pay claims of their joint creditors. Here, the nondebtor spouse, Marie Wickham, has a clear interest, not necessarily shared by Mr. Wickham's trustee, to eliminate any spurious joint claims.[4] Accordingly, I find that Mrs. Wickham is a party in interest with standing to object to joint claims.

Marie Wickham's objection to the Gilliam claim is based upon two grounds: (1) The claim was not timely filed; (2) Marie Wickham has no personal liability to Gilliam to support a joint claim, and no property in which she holds an interest is subject to a lien which would support a joint secured claim.

In view of the court's ruling on the second objection, it will be unnecessary to consider the objection based on untimely filing.

■ Mrs. Wickham asserts she has no liability on any indebtedness of Sommerville Wickham, Jr., to Gilliam and denies the existence of any liens on property held by her with Mr. Wickham.[5] The facts are essentially undisputed. The claim in question arose out of real property loans or investments made by Mr. Gilliam to Sommerville Wickham, Jr., or to his corporate business, Westhampton Mortgage Company. Marie H. Wickham was not originally obligated on this debt. Any liability of Mrs. Wickham on the claim must be based upon the agreement of January 3, 1990, set out above, which was entered into by the parties in an attempt to work out Mr. Wickham's financial difficulties with the Gilliam debt.

The agreement has but two substantive paragraphs. In paragraph one, the Wickhams agreed to apply for a loan of not less than 75 percent of value to refinance the Charmian realty. From this loan (on terms to be approved by all parties) they were to pay off two existing deed of trust loans and pay the balance to Gilliam. The Wickhams were not to sell or "further encumber" the property until they had complied with the agreement. In the second paragraph, the Wickhams agreed to assign to Gilliam certain rents on other realty they own.

---

**4.** It would actually be in a bankruptcy trustee's personal interest not to object to claims since the trustee's statutory commission will be based upon the total amount of joint claims the trustee pays from the proceeds of co-owned property. The court does not suggest that is an actual concern in this case.

**5.** Although Mr. and Mrs. Wickham own several properties as tenants by the entirety, only their Charmian Road residence has any equity for joint creditors. It is Gilliam's hope for some recovery from this property that is the underlying basis for the present dispute over the claim.

The evidence establishes that Mr. and Mrs. Wickham applied for a loan but that no loan was approved or taken.

To reiterate, this agreement is the sole basis for Gilliam's claim against Mrs. Wickham or Charmian. I find that it fails to impose any liability on Mrs. Wickham; neither is it capable of imposing a lien on Charmian. The most that can be said is that the Wickhams agreed to refinance their home mortgages and borrow additional funds to pay toward Gilliam's debt. In no way did Mrs. Wickham agree to become liable personally to Gilliam or to give Gilliam a lien on the property. Therefore, Gilliam's claim cannot be a joint claim, and he is not entitled to share in the proceeds of the joint asset.

In light of the court's determination that Marie Wickham has no liability to Gilliam and since there will be no assets for distribution to claims against Mr. Wickham individually, Gilliam's joint claim must be disallowed.

A separate order will be entered.