**In re Charles H. HARRIS, Debtor.**

**H.B. PRICE, III, Trustee of the Estate of Charles H. Harris, Plaintiff,**

v.

**Charles H. HARRIS, Elizabeth E. Harris, Defendants.**

**Bankruptcy No. 91–26283–T.**
**Adv. No. 93–2006–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 4, 1993.

Steven L. Brown, Tolerton and Brown, P.C., Norfolk, VA, for the Trustee.

William F. Burnside, Virginia Beach, VA, for defendants.

H.B. Price, III, Virginia Beach, VA, Chapter 7 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held in this adversary proceeding April 1, 1993, on the trustee's complaint to sell residential real property owned by the debtor and his nondebtor spouse as tenants by the entirety. The trustee's complaint seeks to sell the property to satisfy the claims of joint creditors pursuant to 11 U.S.C. § 363(h). The issue before the court concerns just one of the conditions necessary for the sale, i.e., whether the benefit to the chapter 7 estate of the trustee's sale outweighs the detriment to the nondebtor spouse.

For reasons stated in this opinion, the court will authorize the trustee to sell the property unless the debtor otherwise satisfies the joint debt by September 1, 1993.

### Findings of Fact

The debtor filed a voluntary chapter 7 petition on November 7, 1991. On November 21, 1991, H.B. Price, III, was appointed chapter 7 trustee.

The debtor and his spouse own as tenants by the entirety a single family residence located at 4809 Haygood Road, Virginia Beach, Virginia. In the debtor's bankruptcy petition the fair market value of the property is listed as $80,000.00, and the property has been tax assessed at approximately $87,000.00. At trial the debtor's counsel represented that a recent appraisal indicated the value of the property was as high as $99,000.00.

In the debtor's schedules the property is listed as having a first mortgage of $32,-000.00 bearing an interest rate of 11.5 percent per annum. However, the holder of the first mortgage filed a proof of claim for only $24,322.88.

Expert testimony at trial indicated that a current sale of the property would net $78,-500.00 after commissions and costs. This would leave approximately $54,000.00 of proceeds to satisfy the claims of joint creditors. Expert testimony also established that it is impractical to partition or to sell a one-half interest in the property.

Unsecured creditors have filed proofs of claim totalling $23,571.99. Of this amount, $9,895.90 or 42 percent of the total unsecured claims are of joint creditors.

The debtor and his wife are retired, apparently live on a fixed income, and have some medical problems associated with their age. Moreover, the debtor testified that his wife cares for her elderly mother who also resides at the property with them.

### Position of Parties

TRUSTEE.

The trustee contends that pursuant to 11 U.S.C. § 363(h) he can sell the property owned by the debtor and his nondebtor spouse as tenants by the entirety to satisfy joint debt. He argues that the critical condition imposed by Bankruptcy Code § 363(h)(3) is satisfied because the substantial benefit to the estate outweighs the potential detriment to the nondebtor spouse.

DEBTOR.

The debtor argues that if the property is sold, the detriment to the nondebtor spouse exceeds any benefit which may accrue to the estate because of the emotional and psychological trauma that would be suffered by his elderly wife. Therefore, under § 363(h)(3) the trustee should not be permitted to sell the property.

### Discussion and Conclusions of Law

Under Virginia law, property held as tenants by the entirety is subject to the claims of joint creditors of both spouses but is not subject to the individual creditors of either. *In re Harry,* 151 B.R. 735, 737 (Bankr.W.D.Va.1992) (citing *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599, 602 (1951)). Proceeds of sale of entireties property are also subject only to the claims of joint creditors. *Oliver v. Givens,* 204 Va. 123, 129 S.E.2d 661, 663 (1963); *see also Ames v. Wickham (In re Wickham),* 130 B.R. 35, 37 n. 3 (Bankr.E.D.Va.1991).

A trustee in bankruptcy may administer entireties property for the benefit of

**950**

joint creditors pursuant to the conditions set forth in § 363(h). *Sumy v. Schlossberg*, 777 F.2d 921, 932 (4th Cir.1985); *In re Wickham*, 127 B.R. 9 (Bankr.E.D.Va. 1990).

In summary, the statute imposes the following conditions to the trustee's sale of the co-owned property:

(1) partition is impracticable;

(2) sale of the estate's interest alone would realize significantly less than a sale free of the interests of any co-owners;

(3) *the benefit to the estate of such a sale outweighs any detriment to any co-owners;* and

(4) the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.[1]

*See* 11 U.S.C. § 363(h) (emphasis added).

The issue here is whether the trustee has satisfied § 363(h)(3) by establishing that the benefit to the estate of a sale of the property outweighs the detriment to the nondebtor spouse.

■ The determination under 363(h)(3) is fact intensive, and courts generally have considered non-economic, emotional or psychological detriment in addition to any economic detriment that may be suffered by the co-owner. *Community Nat'l Bank & Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 20–21 (2d Cir.1989); *Armstrong v. Trout (In re Trout)*, 146 B.R. 823, 829 (Bankr.D.N.D.1992); *Bakst v. Griffin (In re Griffin)*, 123 B.R. 933, 936 (Bankr.S.D.Fla.1991); *Hunter v. Levesque (In re McCoy)*, 92 B.R. 750, 752 (Bankr. N.D.Ohio 1988); *Whittington v. Gibralter Sav. & Loan Ass'n (In re Spain)*, 85 B.R. 874, 878 (Bankr.N.D.Ala.), *rev'd on other grounds*, 103 B.R. 286, 297 (N.D.Ala.1988).

■ Although many of the cases considering psychological and emotional detriment rule in favor of the nondebtor co-owner, this court believes these cases are readily distinguishable from the present case.

For example, in *In re Trout* the court ruled that § 363(h)(3) was not satisfied despite the substantial equity available in the property to satisfy joint debt. In summary, *In re Trout* involved the following facts:

(1) the subject property was not owned as tenants by the entirety;

(2) the property was to be administered by the trustee to satisfy the obligations only of the debtor, rather than joint obligations of the debtor and the nondebtor co-owner;

(3) the nondebtor co-owner (debtor's former spouse) had lived in the property alone for 15 years; and

(4) the nondebtor co-owner made paid numerous obligations related to the property which were actually the obligations of the debtor.

*In re Trout*, 146 B.R. at 829–30. The court ruled under these facts that, the detriment to the co-owner outweighed the benefit to the estate despite the substantial equity in the property. I do not disagree with that result; however, *In re Trout* is distinguishable from the present case and does not compel a similar holding.

Also, in *In re McCoy*, the subject property had minimal value in excess of secured debt, and the trustee was unable to show that any benefit to the estate would result from sale. *In re McCoy*, 92 B.R. at 752. The courts in *In re Griffin* and *In re Spain* reached similar results on facts comparable to *In re McCoy*. *See In re Griffin*, 123 B.R. at 936; *In re Spain*, 85 B.R. at 877–78.

In the present case, however, substantial equity exists in the property, and all of the joint debt can be paid upon sale. This will amount to 42 percent of the total unsecured debt scheduled in the petition and 100 percent of the secured debt. The remaining proceeds would remain exempt entireties property of the debtor and his spouse. *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661, 663 (1963); *see also Ames v. Wickham (In re Wickham)*, 130 B.R. 35, 37 n. 3 (Bankr.E.D.Va.1991).

---

1. It is undisputed that § 363(h)(4) is not applicable here.

Moreover, in the instant case, the fact that the property is the only source of funds to pay creditors, weighs in the trustee's favor. *See Maiona v. Vassilowitch (In re Vassilowitch )*, 72 B.R. 803 (Bankr. D.Mass.1987).[2] The trustee here will have no assets to pay any unsecured creditors unless the property is sold. A 100 percent payout to joint unsecured creditors is a substantial benefit which in the court's view outweighs the *potential* detriment to the nondebtor spouse.

In this case it is not disputed that selling the property may impose some detriment on the nondebtor spouse. The possibility of displacement exists, and it may be assumed from this circumstance that Mrs. Harris would suffer emotionally and psychologically. However, little specific evidence on this point has been presented. Thus, the evidence actually establishes only *possible* detriment to Mrs. Harris.

The debtor and his spouse may have several other viable alternatives.[3] For example, due to the substantial equity in their residence the debtor and his wife may qualify for a home equity loan to pay off the joint creditors, or they may consider refinancing the property at an interest rate lower than their current 11.5 percent rate. In fact, it may be possible for the debtor and his spouse to remain in their home, fully satisfy the claims of their joint creditors, and be left with a mortgage payment equal to or less than their current payment.[4] In short, the debtor has presented

no evidence that he has considered any of these alternatives which would moot the trustee's efforts to sell the property. Without any evidence that these other alternatives are unavailable, the court cannot conclude that any actual psychological or emotional detriment exists.

Moreover, there has been no evidence of economic detriment to the Harrises. If the property were sold they would retain as much as $50,000.00 in entireties proceeds after the payment of joint debt. *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661, 663 (1963); *see also Ames v. Wickham (In re Wickham )*, 130 B.R. 35, 37 n. 3 (Bankr. E.D.Va.1991). These proceeds could certainly be used to acquire substitute housing.

Weighing the substantial benefit to the estate against only the *potential* of psychological or emotional detriment to the nondebtor spouse, the court must conclude that the trustee has established the requisite conditions for this court to authorize him to sell the co-owned property pursuant to § 363(h) and satisfy the joint debt from the proceeds. Therefore, since the debtor has proposed no viable alternative to a sale of the property, the court will enter an order authorizing sale by the trustee under § 363(h).

A separate order will be entered.

---

2. In *In re Vassilowitch,* 72 B.R. 803 (Bankr. D.Mass.1987), the co-owner spouse lived at the subject property with two young children. The property had approximately $90,000.00 of equity. The court concluded that since the liquidation of property under § 363(h) was the only source of funds for distribution to creditors and would produce a nearly 100 percent payout, the benefit to the estate exceeded the hardship to the nondebtor spouse and children. Specifically, the court stated:

> With respect to ... 363(h)(3), the Court is persuaded that the benefit to the estate outweighs the detriment to Mrs. Vassilowitch, although clearly she and her children will suffer substantial hardship if she is unable to purchase the property from the Trustee, *cf.* 11 U.S.C. § 363(i), and she is forced to move. Nevertheless, the Debtor testified that his interest in the property was essentially his only asset and that its liquidation was the only way funds would become available for distribution to his creditors.

*In re Vassilowitch,* 72 B.R. at 807.

Here, joint creditors will receive a 100 percent payout from the sale of the property which is

the only source of funds available to satisfy the claims of joint creditors.

3. The Fourth Circuit recognized in *Sumy v. Schlossberg,* 777 F.2d 921, 931 n. 25 (4th Cir. 1985), alternatives which exist to the trustee's selling property pursuant to § 363(h), such as paying the joint debts from outside funds or reaffirming the joint debt with the creditors' approval. *See also In re Wickham,* 127 B.R. 9, 11 n. 4 (Bankr.E.D.Va.1990).

4. For example, a replacement first mortgage loan of $35,000.00 would pay off the existing mortgage and all joint debt. A ten-year loan for this amount at an 8.5 percent interest rate would result in a monthly payment of approximately $434.00 (.01239857 × $35,000.00), nearly $130.00 less than the debtor's current payment of $562.00. The same loan for a seven-year term would have a payment of $555.00 (.01583649 × $35,000.00), approximately the same as the debtor's current payment. *See* Am. Jur.2d Desk Book, Item No. 128, (amortization schedule).